## State of Vermont v. Thomas Y. Pellerin

[670 A.2d 255]

No. 94-388

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed October 27, 1995

Motion for Reargument Denied November 16, 1995

*M. Patricia Zimmerman,* Windsor County State's Attorney, White River Junction, for Plaintiff-Appellee.

*William A. Hunter,* Cavendish, for Defendant-Appellant.

**Gibson, J.** Defendant Thomas Y. Pellerin appeals his conviction for sexual assault of a person under the age of sixteen, 13 V.S.A. § 3252(a)(3). He claims that there was insufficient evidence to support his conviction and that he was not given a fair trial due to judicial bias, improper jury selection proceedings, and improper testimony at trial and at sentencing. We affirm.

On March 23, 1992, defendant entered a conditional nolo plea to the crime charged and pursued an appeal to this Court concerning suppression of his oral waiver of *Miranda* rights. Prior to sentencing, the State provided defendant with certified copies of his prior Vermont convictions for sexual assaults in 1972, 1976 and 1990, and with certified copies of his criminal convictions in New Hampshire and Massachusetts. The victim of the assault in 1972 testified at the sentencing hearing on July 13, 1992. Judge Robert Grussing sentenced defendant to prison for twelve to eighteen years. On appeal of that conviction, we reversed and remanded on the ground that defendant's oral *Miranda* waiver was not valid under Vermont's public defender act. *State v. Pellerin*, 161 Vt. 229, 232, 637 A.2d 1078, 1080 (1993).

On remand, defendant was scheduled for trial before Judge Paul Hudson. Defendant moved to disqualify Judge Hudson, arguing that Judge Hudson, while serving as state's attorney, had signed the information charging defendant with the sexual assault that resulted in his 1972 conviction. A different prosecutor amended the 1972 information and tried the case. The administrative judge for the trial courts denied defendant's recusal motion, finding that Judge Hudson had no memory of the 1972 case, that his participation in that case was de minimis, and that the motion for recusal was a more appropriate issue to raise at sentencing.

The case went to trial on March 21, 1994. During jury selection, defendant asked potential jurors about their experience, if any, as victims of sex crimes or as relatives of victims of sex crimes. The court removed some prospective jurors for these reasons but denied defendant's challenges for cause to remove three other prospective jurors who had been or had known victims of sex crimes. The court also denied defendant's challenge for cause to remove a prospective juror whose comments suggested possible bias against defendants accused of sex crimes and against defendants who refused to take the stand at trial. Defendant exercised peremptory challenges to remove all four of the disputed venire members.

The jury returned a guilty verdict. At sentencing, the State reintroduced the same documents it had provided for the 1992 sentencing proceeding. Although the victim of defendant's 1972 assault did not testify at the second sentencing hearing, the victim of defendant's 1990 assault did testify. Judge Hudson sentenced defendant to eighteen to twenty years in prison.

## I.

■ Defendant argues that the trial court should have acquitted him because there was insufficient evidence that the alleged offense occurred within the state of Vermont. He claims that the victim's testimony establishes that the only bridge she and defendant crossed before the incident led into New Hampshire and the only bridge traversed after the incident was a toll bridge leading from New Hampshire to Vermont. In reviewing the court's denial of defendant's motion, we consider whether the evidence presented by the State, when taken in the light most favorable to the prosecution and excluding any modifying evidence, sufficiently and fairly supports a finding of guilt beyond a reasonable doubt. *State v. French*, 152 Vt. 72, 81-82, 564 A.2d 1058, 1063 (1989).

Viewing the evidence in the light most favorable to the State, we find ample evidence to support a finding of guilt beyond a reasonable doubt. The victim consistently testified that, after the incident, the car crossed a toll bridge and paid a toll, then crossed the Bellows Falls bridge back into Vermont. The evidence showed that, at the toll bridge in question, the toll is paid on the New Hampshire side of the border. Further, when she went on a drive with a state trooper, the victim was able to identify a place in Vermont as the place where the offense had occurred. Consequently, the victim's testimony, when coupled with the location of the toll, provides adequate evidence for a jury to find, beyond a reasonable doubt, that the incident took place in Vermont.

## II.

Defendant claims that Judge Hudson had a responsibility to recuse himself when he learned of his involvement in prosecuting defendant for a prior offense. Defendant cites Canon 3C of the Code of Judicial Conduct, A.O. 10 (Supp. 1988), which states that a judge "shall disqualify himself in a proceeding in which his impartiality might reasonably be questioned," Canon 3C(1), or where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." Canon 3(C)(2). Defendant argues that Judge Hudson's role in signing the 1972 information against him meant that the judge's impartiality could "reasonably be questioned" when he presided over this case.

One seeking judicial disqualification must clearly and affirmatively show bias or prejudice. *Cliche v. Fair*, 145 Vt. 258, 261-62, 487 A.2d

145, 148 (1984). In the present matter, the administrative judge found that Judge Hudson did not recall charging defendant twenty-two years earlier and ruled that Judge Hudson's role in the earlier case was de minimis in nature. Defendant produced no evidence to refute these findings. Rather, he speculates that the trial judge was tempted to seek vengeance as a result of the prior victim's criticisms of the plea agreement that was reached in the 1972 case. We recently held that a defendant failed to show judicial bias or prejudice where the trial judge did not recall representing the defendant in a case eleven years earlier, and where the defendant did not show that the judge's recollection was faulty or that her former representation caused any bias or prejudice towards the pending case. *State v. Cleary*, 161 Vt. 403, 405-06, 641 A.2d 102, 104 (1994). Similarly, in this case, defendant failed to produce any evidence that Judge Hudson was mistaken as to his lack of recollection or that his former involvement caused any bias or prejudice toward defendant. In addition, defendant failed to renew his recusal motion at sentencing, despite the administrative judge's invitation to do so.

■ Defendant argues, however, that Judge Hudson's imposition of a more severe sentence upon remand establishes a presumption of vindictiveness under *North Carolina v. Pearce*, 395 U.S. 711 (1969). In *Pearce*, the United States Supreme Court saw no constitutional bar to "a more severe sentence upon reconviction," *id.* at 723, but held that when a defendant receives a higher sentence after a new trial, the reasons for the enhanced punishment "must affirmatively appear" to assure the absence of "retaliatory motivation on the part of the sentencing judge." *Id.* at 725-26. As we recognized in *State v. Percy*, 156 Vt. 468, 595 A.2d 248 (1990), *cert. denied*, 502 U.S. 927 (1991), however, "[W]here 'different sentencers assessed the varying sentences' there is no *Pearce* presumption of vindictiveness." *Id.* at 482, 595 A.2d at 256 (quoting *Texas v. McCullough*, 475 U.S. 134, 140 (1986)). Here, Judge Grussing sentenced defendant following his conditional plea, whereas Judge Hudson sentenced defendant following the jury trial. The *Pearce* presumption does not apply.

■ "'Where the [*Pearce*] presumption does not apply, the defendant must affirmatively prove actual vindictiveness.'" *Id.* at 482, 595 A.2d at 256 (quoting *Wasman v. United States*, 468 U.S. 559, 569 (1984)). *Pearce* and subsequent cases indicate that our concern for potential vindictiveness should focus on the "imposition of a penalty upon the defendant for having successfully pursued a statutory right

of appeal or collateral remedy." *Pearce*, 395 U.S. at 724; see *Wasman*, 468 U.S. at 568; *Blackledge v. Perry*, 417 U.S. 21, 25 (1974). Defendant has not pointed to anything in the record to suggest that Judge Hudson was motivated by vindictiveness toward defendant's successful appeal.

## III.

Defendant contends that he was denied a fair trial because he was forced to use peremptory challenges to dismiss potential jurors after the trial court denied his challenge for cause. Before we will determine whether a denial of a challenge for cause was erroneous, however, we must determine whether the appealing party has preserved the issue for review. *Percy*, 156 Vt. at 477, 595 A.2d at 253. To preserve such objection, the record must reflect that the challenge for cause was denied, that all of the defendant's peremptory challenges subsequently were exhausted, and that, given the opportunity, the defendant would have used an additional peremptory challenge to strike another juror. *Id.* Parties in criminal matters are entitled to six peremptory challenges. V.R.Cr.P. 24(c)(3). The trial court may remove additional jurors with the aim of allowing both parties a fair trial. *State v. Calloway*, 157 Vt. 217, 220, 596 A.2d 368, 371 (1991). In the instant matter, after exhausting his peremptory challenges, defendant voiced dissatisfaction with one member of the panel. With the State's consent, the court removed the juror in question. Defendant raised no further objections to any of the empaneled jurors. Defendant therefore failed to preserve the issue for review.

## IV.

Defendant asserts that the trial court erred when it allowed the complaining witness to testify that defendant had warned her of his connections to the Mafia and threatened to have her or her family members killed. He contends that the testimony served only to show coercion, and that coercion is not an element of sexual assault on a minor. 13 V.S.A. § 3252(a)(3); see *State v. Searles*, 159 Vt. 525, 529, 621 A.2d 1281, 1284 (1993) ("element of force is absent from sexual assault of a minor"). We have recognized, however, that the use of force is relevant in a trial for sexual assault of a minor. *Id.* In the instant matter, the court admitted the challenged testimony to show intent, preparation, or plan under V.R.E. 404(b). We see no error in this ruling. See *id.* ("Simply put, the way the sexual activity happened was relevant to the credibility of the happening.").

■ Even if evidence survives the Rule 404(b) test, however, it still must pass the balancing test of Rule 403. *State v. Winter*, 162 Vt. 388, 392, 648 A.2d 624, 626 (1994). The trial court has broad discretion in deciding Rule 403 questions, and review here is only for abuse of discretion. *State v. Percy*, 158 Vt. 410, 415, 612 A.2d 1119, 1123 (1992). Defendant argues that testimony about Mafia involvement and death threats had no probative purpose but had great prejudicial impact on the jury. We disagree. In *State v. Cardinal*, 155 Vt. 411, 584 A.2d 1152 (1990), we found no abuse of discretion under V.R.E. 403 when, in a sexual assault trial, the trial court permitted testimony concerning a purported plot by defendant to kill the victim and her fiance. *Id.* at 415, 584 A.2d at 1155. As we stated there:

> Defendant's initiation of a plot to kill the victim and her fiance was admitted as relevant to defendant's guilty state of mind and the existence of a continuing plan or scheme. Whether defendant himself ever took his own talk of murder seriously is not so much the issue as the fact that he would "mouth off" about killing [the victim] and her fiance.
> . . . Whatever unfair prejudice may have been engendered was substantially outweighed by its probative worth. It was not an abuse of discretion to admit it.

*Id.* at 415-16, 584 A.2d at 1155. For similar reasons, we see no abuse of discretion here.

## V.

■ Finally, defendant argues that he was denied a fair sentencing hearing because the sentencing judge allowed the victim from defendant's 1990 sexual assault trial to testify although defendant had not received notice of her appearance, in violation of V.R.Cr.P. 32(c)(3). We disagree.

The State furnished records of defendant's past offenses to defense counsel before the sentencing proceedings and reintroduced those documents at the sentencing hearing. Defendant was aware that his past offenses would be raised at sentencing and had adequate opportunity to controvert any witness's testimony through cross-examination. Defendant could have requested a continuance if he needed time to prepare to cross-examine this witness, but he did not do so. Under these circumstances, we see no reason to remand for resentencing.

Defendant also claims that the testimony of the 1990 victim moved Judge Hudson to sentence defendant a second time for his past offense. Evidence of a defendant's prior criminal acts is admissible for sentencing purposes. *State v. Ramsay*, 146 Vt. 70, 81-82, 499 A.2d 15, 22 (1985). At sentencing in this case, Judge Hudson referred to defendant's 1990 offense in the context of defendant's lengthy criminal record. The judge sought to illustrate defendant's failure to respond to past attempts at rehabilitation and the consequent need, in the judge's words, for the "incapacitation" of a "predatory sex offender." Defendant's inference that he was resentenced for the 1990 offense is not supported by the record and does not warrant rejection of the legitimate use of sentencing testimony.

*Affirmed.*