*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

<u>**ENTRY ORDER**</u>

SUPREME COURT DOCKET NO. 2013-112

JANUARY TERM, 2014

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Grand Isle Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Eric J. Edson | } | DOCKET NO. 122/130-12-08 Gicr |

Trial Judge: Amy M Davenport (recusal motion); Ben W. Joseph (sentencing)

In the above-entitled cause, the Clerk will enter:

Defendant pled guilty to two counts of burglary and one count of operating a vehicle without the owner's consent, and was sentenced to ten to fourteen years. He appeals from the sentence, asserting that: (1) his motion to disqualify the sentencing judge was improperly denied; and (2) the sentencing court abused its discretion in denying a continuance motion. We affirm.

The facts and procedural history may be summarized as follows. This case arose from two separate burglaries on the same day in late November 2008. In the first, defendant broke into a home in Grand Isle and stole some jewelry. The break-in triggered an alarm, and the police responded to the scene. While there, they received a call about another burglary several miles away. The homeowner at the second location reported that he had arrived home in the early afternoon, saw a strange vehicle parked in the driveway, retrieved a handgun from his car, and entered the house. There, he saw defendant in his office and ordered him to lie down. Defendant ran into a bathroom and escaped through a window. The homeowner discovered that money was missing from his wife's sock drawer. After fleeing the residence, defendant stole a vehicle from a nearby residence; it was later found abandoned in Grand Isle. Defendant was identified as the perpetrator and arrested the following day. Jewelry found in his vehicle was identified as having been stolen during the first burglary.

In March 2010, pursuant to a plea agreement, defendant entered a guilty plea to two counts of burglary and one count of operating a vehicle without the owner's consent, and other charges were dismissed. Under the agreement, the state was permitted to argue for the maximum sentence of ten to fourteen years to serve, and defendant was free to argue for a lesser sentence. A sentencing hearing scheduled for May 2010 was continued to the following June on the State's motion. The June 2010 hearing was continued to July 2010 on defendant's motion to allow additional time to review the Presentence Investigation Report and to allow a forensic psychologist retained by defendant, Dr. Thomas Powell, to complete his evaluation. The July 2010 hearing was continued to August 12, 2010, again on defendant's motion, on the ground that Dr. Powell had a conflict with the scheduled hearing date.

In early July 2010, an additional attorney, Kurt Hughes, entered an appearance for defendant as co-counsel, and later that month he filed a motion to continue the August 12 hearing on the grounds that he was new to the case, that he needed additional time to prepare a motion to disqualify the sentencing judge, and that Dr. Powell was again unavailable on the scheduled hearing date. The trial court denied the motion on August 5, 2010, noting that the matter had been continued several times already. On August 11, 2010, the day before the sentencing hearing, defendant filed a motion to reconsider the continuance, as well as a motion to disqualify the sentencing judge. The disqualification motion was predicated on two grounds—first, that the sentencing judge was a member of the Chittenden County Public Defender's Office in the early 1990s when the office represented defendant in several criminal matters, and the trial judge had actually represented defendant at an arraignment in June 1992; second, that the judge lived approximately eight tenths of a mile by car, and 500 yards by foot, from the one of the residences that defendant had admitted to burglarizing in this matter.

The trial court denied the motion for reconsideration at the beginning of the sentencing hearing, citing the previous continuances. The judge denied the motion for disqualification in a written ruling on the same day, stating that he had "no recollection" of his representation of defendant at the arraignment some eighteen years earlier, and that he was unaware of where the burglary had occurred and had never been to the home in question. The matter was then referred to the Administrative Judge, who subsequently issued a written ruling denying the motion. The Administrative Judge found no conflict resulting from the trial judge's earlier employment with the Public Defender's Office, noting that there was no overlap with the current offenses or basis for concern that the judge had any extra-judicial knowledge of facts relevant to the case, and that his "extremely minor prior representation" of defendant at an arraignment had occurred nearly twenty years earlier. The Administrative Judge also found that the proximity of the trial judge's residence to one of the burglarized homes provided "no basis for questioning his impartiality," noting that they were not close neighbors, and that there no claim of any extra-judicial knowledge of evidentiary facts or personal relationship with the victim.

At the sentencing hearing, the State argued for the maximum sentence, citing defendant's extensive criminal record, which spanned twenty-three years and included many prior convictions, primarily property crimes such as theft, burglary, and larceny, as well as numerous escapes and furlough violations. Defendant was on parole at the time of the most recent burglaries. Defense counsel, in response, noted that none of the offenses involved physical violence, and cited the probation officer's observation in the PSI that defendant had been doing well for several years on parole until the instant offenses, and was capable of doing well with a high level of support and supervision. Finding that defendant's prior record was "extraordinary," that prior efforts at treatment and rehabilitation had clearly failed, and that the risk of reoffending was substantial, the trial court concluded that a substantial sentence was warranted and imposed the maximum sentence of ten to fourteen years.

In November 2010, defendant filed a motion to reconsider sentence based, in part, on Dr. Powell's report, which was filed with the motion. In the motion, defendant recalled that Dr. Powell was unable to testify at the hearing because the continuance motion had been denied, and asserted that that his report and testimony were essential "to get a full picture" of defendant. Dr. Powell's report reviewed defendant's family history and health records, noted that he came from an unstable home with neglectful parents and significant substance abuse issues, had been diagnosed with ADHD, and had a history of serious drug abuse, but nevertheless was motivated for further treatment, was generally non-violent, and had "demonstrated sustained success when

he is sober and fully supervised." At the hearing on the motion, the trial court indicated that it had reviewed Dr. Powell's report but remained persuaded that the sentence was correct, observing that defendant was a "hard-core criminal" with "no realistic hope of rehabilitation" and that "a relatively long minimum is appropriate." Thus, apart from adjusting defendant's sentence for time served, the court denied the motion. This appeal followed.[*]

Defendant contends the Administrative Judge erred in denying his motion to disqualify the sentencing judge. "[T]he question of recusal hinges on the administrative judge's exercise of discretion, and . . . this Court will disturb the . . . decision only if there is no reasonable basis for the decision." State v. Bailey, 2010 VT 21, ¶ 8, 187 Vt. 624 (mem.) (quotation omitted). Furthermore, the judge in question is generally afforded a presumption of "honesty and integrity, with the burden on the moving party to show otherwise." Klein v. Klein, 153 Vt. 551, 554 (1990) (quotation omitted). The standard for disqualification requires recusal "whenever a doubt of impartiality would exist in the mind of a reasonable disinterested observer." Ball v. Melsur Corp., 161 Vt. 35, 39 (1993) (quotation omitted).

Assessed in light of these standards, we discern no basis to disturb the ruling. There is no suggestion that the trial judge here had any extra-judicial knowledge of the case arising from his employment with the Public Defender's Office, and the judge affirmed that he had no recollection of representing defendant at the arraignment eighteen years earlier. Although defendant asserts that this was sufficient, nevertheless, to allow a reasonable, disinterested observer to question the judge's impartiality, we have rejected similar claims in closely analogous circumstances. See, e.g., State v. Pellerin, 164 Vt. 376, 379-80 (1995) (upholding denial of disqualification motion where judge, as member of prosecutor's office, signed information against defendant twenty years earlier but judge had no memory of the case and his earlier role was "de minimis"); State v. Cleary, 161 Vt. 403, 405-06 (1994) (affirming denial of motion to strike competency order entered by trial judge who had been assigned to represent defendant ten years earlier where judge had "no recollection" of the prior representation and there was no other showing of bias). Accordingly, we find no abuse of discretion in this regard.

Defendant also asserts that a reasonable, disinterested observer would be compelled to question the court's impartiality based on the proximity of the judge's residence to one of the burglarized homes. Defendant posits that the court would have an interest in keeping his neighborhood safe and would harbor a "more intense desire to punish [defendant] harshly," or at least that this would appear to be the case. We are not persuaded. The victim was not a close neighbor of the trial judge, but lived almost a mile away by car, and the fact that the crime occurred in the same general neighborhood does not, in our view, raise a reasonable inference of bias. See State v. Sherman, 842 A.2d 859, 879-80 (N.J. Sup. Ct. App. Div. 2004) (holding that trial judge's residence in community where crime occurred did not require recusal), overruled on other grounds by State v. Dalziel, 867 A.2d 1167 (N.J. Sup. Ct. App. Div. 2005). As the Administrative Judge here cogently observed: "Crime is a fact of life. That it occurs within a mile of a judge's residence is insufficient to disqualify that judge from presiding over a resulting case." The disqualification motion was properly denied.

---

[*] Defendant initially failed to file a timely appeal, but the trial court ruled in a subsequent post-conviction relief proceeding that the omission was counsel's fault, and restored defendant's right to appeal.

3

Defendant further contends that the court abused its discretion in denying his motion to continue to allow Dr. Powell to testify at the sentencing hearing about defendant's psychological makeup and potential for rehabilitation. Rulings on motions to continue are entrusted to the sound discretion of the trial court, and we will not interfere with the court's decision if there was a reasonable basis to support it. State v. Schreiner, 2007 VT 138, ¶ 14, 183 Vt. 42. Moreover, the trial court enjoys considerable discretionary authority to control its case docket and judicial resources. See State v. Jones, 157 Vt. 553, 559 (1991) ("Our continuance rule leaves control of docket management with the courts."). The record here discloses that defendant had been previously granted two continuances of the sentencing hearing, the last of which was in late June 2010 specifically to accommodate Dr. Powell, who was said to be unavailable for the scheduled sentencing the following July. Thus, defendant was afforded ample time and opportunity to ensure that his witness was available for the rescheduled hearing in mid-August 2010, and we cannot conclude, under the circumstances, that the court abused its discretion in denying yet another motion on the same ground. Moreover, we note that the trial court reviewed Dr. Powell's report in connection with the motion for reconsideration, and that the report thoroughly discussed defendant's family history, psychological makeup, and rehabilitation potential. The court remained persuaded that the sentence imposed was appropriate. Defendant has not shown how Dr. Powell's in-person testimony was prejudicial to the outcome. Accordingly, we find no basis to disturb the court's ruling on the motion for continuance.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice

4