## GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff,
## vs.
## LOUIS TURNBULL, Defendant.

T.C. Crim. No. 542/97

Territorial Court of Virgin Islands

Division of St. Thomas and St. John

Nov. 17, 1998

DOUGLAS DICK, ESQ., Assistant Attorney General, V.I. Department of Justice, St. Thomas, Virgin Islands, *Counsel for the Government of the Virgin Islands*

BERNARD M. VANSLUYTMAN, ESQ., St. Thomas, Virgin Islands, *Counsel for Defendant Louis Turnbull*

DIASE, *Judge*

### MEMORANDUM OPINION

At issue before the Court is (1) whether 14 V.I.C. § 485(b), a penal statute which prohibits, in pertinent part, the owner of a night club

that serves alcohol from having minors on the premises after 9:00 p.m., is constitutional and (2) whether it imposes strict criminal liability regardless of the violator's knowledge of the person's minority. The Court holds that the statute is constitutional and that knowledge is a necessary element of the crime.

## I.

The Defendant is allegedly the owner of a night club on St. Thomas, Virgin Islands known as Insomnia that serves alcohol to its patrons. He has been charged with six separate counts of allowing six minors to enter his premises after 9:00 p.m. on December 14, 1997, unaccompanied by an adult and for reasons other than for a school function or for emergency assistance resulting from a life threatening situation, in violation of V.I. CODE ANN. tit. 14 § 485(a) and (b) (1996). He filed a document entitled Pretrial Motions in which he asks the Court to dismiss the charges against him pursuant to Rule 12(b)(1) and (2) of the Federal Rules of Criminal Procedure and asserts three basis for doing so: the statute is void because its terms are too vague; the charges are defective as they fail to allege the required *mens rea*; and the Government of the Virgin Islands ("Government") has engaged in selective prosecution by singling him out while not prosecuting others who have violated the statute. The Defendant subsequently filed a Motion to Dismiss incorporating all the reasons set forth in the Pretrial Motions and further arguing that dismissal is justified as the Government failed to respond to his Pretrial Motions within the time prescribed by this Court.

14 V.I.C. § 485 (a) provides that minors are prohibited from entering night clubs, dance halls or bars after 9:00 p.m. if alcohol is served, except in three very limited circumstances. Subsection (b) provides that any owner, operator or employee of such an establishment who violates subsection (a) can be penalized with a fine of up to Five Hundred and 00/100 Dollars ($500.00) for each minor found on the premises and imprisonment of not more than thirty days. Rule 12(b)(1) and (2) of the Federal Rules of Criminal Procedure allow a defendant in a criminal case to raise those defenses and objections that are based on defects in the institution of the prosecution or in the information and that can be deter-

mined without a trial of the general issue. The Court will address each of the Defendant's arguments.

## II.

### Void for Vagueness

The Defendant centers his first argument on the void for vagueness doctrine. He asserts that the statute is void because it does not clearly set forth what criminal conduct or omissions are proscribed for night club owners. The wording of section 485(a), according to the Defendant, evinces that the only proscribed conduct is that of the minor. As a result, he claims that his due process rights have been violated.

In *Connally v. General Construction Co.*, 269 U.S. 385, 393 (1926) (citation omitted), the Supreme Court reiterated the requirements of this doctrine:

> That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law; and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.

Thus, the doctrine is comprised of two elements: notice and arbitrary enforcement. The notice element requires that a penal statute "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited." *Government v. Ayala*, 29 V.I. 123, 124 (D. Ct. 1993) (citation omitted). The arbitrary enforcement element requires that a penal statute be designed "in a manner that does not encourage arbitrary and discriminatory enforcement." *Id.*

In regard to section 485, it is evident that the notice element has been met as the prohibited conduct is clearly set forth. The heading of the section is "[s]elling or serving alcoholic beverages to minors;

employing minors to make or dispense alcoholic beverages." These phrases succinctly describe the conduct which the statute seeks to proscribe. Furthermore, section 485(a) provides that minors are prohibited from "entering any night club, dance hall or bar after 9:00 p.m. where alcohol is served . . . ." There can be no argument that this provision is ambiguous. Also, subsection (b) specifically lists those individuals who can be found violating the statute — an owner, operator or employee of any night club, bar, or dance hall — and sets forth the penalties for such a violation. Together, these clauses provide adequate notice to the ordinary citizen as they clearly describe the conduct prohibited; the class of persons who are prohibited from engaging in that conduct; and the sanctions that can be imposed for a violation.

■ The statute is also sufficiently specific so as to prevent arbitrary enforcement. A careful reading of section 485(a) and (b) reveals that the only requirement for a violation of the statute is that an owner, operator or employee of a night club, bar, or dance hall where alcohol is served allows a minor to enter the establishment after 9:00 p.m., and the strict exceptions do not apply. This standard is straightforward and applies to all owners, operators and employees of night clubs, bars, and dance halls in the United States Virgin Islands. If these individuals are found in violation of the statute, they are subject to being prosecuted. There is no room for the arbitrary enforcement of the statute.

**Mens Rea**

The Defendant next asserts that the charges against him fail to allege the appropriate *mens rea* or knowledge of the minors' ages and that he should be allowed to raise ignorance or mistake of fact as a defense to disprove criminal intent. The Government, in its response to the Defendant's motion, does not specifically address this issue but simply states that the Defendant is charged with having "allowed" these minors to enter his night club. The Court is not certain whether, by this statement, the Government is conceding the Defendant's argument.

*Mens rea* is defined as the guilty knowledge and wrongful intent needed to constitute a crime. *United States v. Greenbaum*, 138 F.2d 437, 438 (3d Cir. 1943). Sections 485(a) and (b) do not describe any particular knowledge or intent requirement.

182

A legislature has wide latitude to declare what act constitutes a criminal offense and "to exclude elements of knowledge and diligence from its definition." *Lambert v. California*, 355 U.S. 225, 228 (1957). Historically, statutes providing for strict criminal liability regardless of intent developed in the area of what were referred to as "public welfare offenses." *Morissette v. United States*, 342 U.S. 246, 254-260 (1957). "Many of these offenses [were] not in the nature of positive aggressions or invasions . . . but [were] in the nature of neglect where the law requires care, or inaction where it imposes a duty." *Id.* at 255. Importantly, the penalties were relatively small and "conviction does no grave damage to an offender's reputation." *Id.* at 256. Almost uniformly, the courts "turned to construing statutes . . . which make no mention of intent as dispensing with it" and held "that the guilty act alone makes out the crime." *Id.*

The strict criminal liability doctrine, though, later came under much criticism. And, the Supreme Court has refused to extend it to more traditional crimes such as theft.*Id.; Government of the Virgin Islands v. Rodriguez*, 423 F.2d 9 (3d Cir. 1970). The modern rule, as adopted by the Third Circuit Court of Appeals, is for the court to determine whether there was a deliberate legislative choice that knowledge is not an essential element of the crime. *Rodriguez*, 423 F.2d at 13. Additionally, specifically in regard to penal statutes which prohibit persons in certain similar establishments from allowing a minor on the premises, many state courts have held that, if the statute does not expressly or by clear implication make ignorance or mistake a defense, they cannot be invoked as defenses. E.R. Tan, Annotation, *Criminal Offense of Selling Liquor to a Minor or Permitting Him to Stay on Licensed Premises as Affected by Ignorance or Mistake Regarding His Age*, 12 A.L.R. 3d 991 (1967 & Supp. 1998).

There is no legislative history available on section 485. Since it was enacted in 1956 and through the various amendments over the years, it has never contained a *mens rea* ingredient. Importantly, however, another section of the Virgin Islands Code, 14 V.I.C. § 14(5), addresses criminal intent, as it provides as follows:

"All persons are capable of committing crimes or offenses except — . . .

(5) persons who committed the act . . . under an ignorance or mistake of fact which disproves any criminal intent."

In *Rodriguez*, 423 F.2d at 14, the Third Circuit Court of Appeals, while interpreting another Virgin Islands statute, held that section 14 was "indicative of a legislative intention" to require the element of knowledge. Specifically, the Court addressed a local vagrancy statute that prohibited loitering in a house of ill fame, the former 14 V.I.C. § 2221(8) which has since been redesignated section 2221(a)(7). The statute is silent as to whether knowledge of the nature of the place as a house of ill fame is an essential element of the crime. The Court read section 2221(8) in conjunction with section 14(5) and found that section 14(5) was "a legislative expression which adds affirmative support to the rule against reading a statute as abandoning a requirement of knowledge unless the statute exhibits such a deliberate legislative choice." *Id.*

■ Following *Rodriguez*, this Court holds that section 485(b), when read with section 14(5), contains the essential element of knowledge and is not a strict criminal liability statute. The Government must, therefore, prove beyond a reasonable doubt that a defendant knowingly allowed a minor on the premises. As a result, a defendant can raise as a defense ignorance or mistake of fact as to the minor's age.[1]

The Government has not charged the Defendant specifically with such guilty knowledge and the Court does not deem the word "allowed" in the charge to infer same. An indictment or information is defective if it fails to allege this critical element. 1 CHARLES A. WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 125 (2d ed. 1982). Since this case has not been tried, the Court will allow the Government to amend the Complaint to properly charge that element of the crime.

---

[1] The Virgin Islands Legislature is, of course, free to amend the statute to require that owners, operators and employees of such establishments use due diligence in ascertaining the age of a patron. Various methods are available to do so, such as requiring the presentation of a driver's license with a photograph or an identification card issued by the appropriate licensing authority. The state of Pennsylvania, for example, has further authorized a representative of such an establishment to require a person whose age is in question to fill in and sign a "declaration of age" card. 47 PA. CONST. STAT. § 4-495 (1998).

**Selective Prosecution**

Finally, the Defendant asks the Court to exercise its "administrative authority" and dismiss the Complaint due to the Government's selective prosecution of him. The Defendant does not cite the Court to any legal authority by which it can do so. But, he does refer to section 485's "history and revision notes" and stresses that there are no cases cited and hence, there have been "little if any prosecutions under the section in its over forty (40) years of existence." The Government responds that the juvenile bureau of the Virgin Islands Police Department has made a good faith effort to avoid prosecuting the Defendant and at least one officer will testify at the trial that she has warned the Defendant on numerous occasions about minors in his establishment, to no avail.

■ The Court finds the Defendant's arguments to be very weak. Simply because there are no cases cited after section 485 in the Virgin Islands Code does not mean that no one has ever been prosecuted. What it does mean is that no judge or court has issued a written, published opinion concerning that section. With the publication of the instant opinion, that will no longer be the situation.

### III.

An appropriate Order will be entered denying the Defendant's motions and directing the Government to file an Amended Complaint.