**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**DALE RICHARDS, Defendant**

Criminal No. F40/01

Territorial Court for the Virgin Islands

Division of St. Thomas and St. John

June 24, 2001

DOUGLAS DICK, ESQ., Department of Justice, St. Thomas, U.S. Virgin Islands, *Attorney for Plaintiff*

RICHARD T. BRYANT, ESQ., Kansas City, MO, *Attorney for Defendant*

HODGE, *Judge*

## MEMORANDUM OPINION

(June 24, 2001)

Before the Court are Defendant's Motion to Assert Mistake of Fact Defense and Motion to Dismiss due to Mistake of Fact. Defendant was charged with having sexual intercourse with a girl aged 14, who was not his wife, in violation of 14 V.I.C. § 1702 (second degree rape) and § 1709. For the reasons set forth below, Defendant's motions shall be DENIED.

## FACTS

Defendant seeks an order from the Court dismissing the charges against him or, in the alternative, permitting him to argue a 'reasonable mistake of fact' defense as to the victim's age, in this case a girl aged 14, at the time of the alleged offense. In support of his motion, Defendant Richards has provided the Court with a copy of the victim's sworn statement, wherein she admits having lied to Richards, her boyfriend and the father of her unborn child, with respect to her age. However, both the victim and Defendant acknowledge that, even after Richards learned of the girl's true age, the couple had sexual intercourse on at least one other occasion. Therefore, even if the Court were to allow a mistake of fact defense, Defendant's motion to dismiss would still be properly denied based on this last sexual encounter.

## DISCUSSION

In the Virgin Islands, to establish statutory rape the government must prove the following three elements: (1) that the defendant intentionally had sexual intercourse with the alleged victim; (2) the victim was not his spouse, and (3) the victim was under age. *Government of the Virgin Islands v. Pinney*, 27 V.I. 412, 967 F.2d 912 (3d Cir. 1992). Significantly, the statute does not, on its face, require proof of any *mens*

*rea.*[1] However, the Virgin Islands Code does provide for a general criminal intent requirement. Title 14, section 14 Capacity to Commit Crimes, provides:

> All persons are capable of committing crimes or offenses except— (5) persons who committed the act or made the omission charged under an ignorance or *mistake of fact*, which disproves any criminal intent. [Emphasis added].

Thus, Defendant argues that the statutory rape statue must be read in conjunction with 14 V.I.C. § 14, and that together, the two statutes provide for the element of intent. In addition, Defendant argues that, in enacting 14 V.I.C. § 14, the Legislature has declined to allow for strict liability offenses in the Virgin Islands in that the statute provides for a general criminal intent requirement.

Ordinarily, the prosecution has the burden of proving each element of an offence—that is, its requisite conduct (act or omission) and the requisite mental fault (except for strict liability crimes) plus, any required attendant circumstances or results. Thus, where the offense is not a strict liability offense, the Defendant may argue that he made a mistake of fact, and that he could not have had the requisite intent. If the Defendant succeeds with this argument, it would be proper to find that the government failed to prove one of the elements of the crime. It is in this sense that a defendant may argue mistake of fact in order to 'negate' intent.

Of course, this strategy is only meaningful where intent is one of the elements of the crime. Otherwise, there is nothing to negate, and the government would not have failed to meet its burden of proof. Thus, it would be nonsensical to attempt to negate intent where the offense charged is a strict liability offense. This is because, with strict liability offenses, the Government need only prove the act, and he who acts, acts "at his peril and he will not be heard to plead his good faith, mistake or ignorance as a defense". *New York v. Dozier*, 424 N.Y.S.2d 1010, 72

---

[1] Thus, in a case involving the rape of a young girl, evidence was properly entered to prove intentional action but neither consent nor defendant's belief regarding consent were at issue. *Government of the Virgin Islands v. Pinney*, 27 V.I. 412, 967 F.2d 912 (3d Cir. 1992).

A.D.2d 478 (1980) (statutory rape of girl who showed identification card and made verbal declaration that she was eighteen).

Instead of negating one of the required elements of an offense, a defendant may attempt to prove a mistake of fact as an affirmative defense. This is slightly different, conceptually, in that the object is to prove some sort of justification or excuse for the offense. *See, Commonwealth v. Lopez*, 745 N.E.2d 961, 433 Mass. 722 (2001). Where a statute has no intent requirement, to argue mistake of fact as a defense means that the defendant is arguing a justification or excuse, in the nature of self-defense or entrapment (*i.e.*, he did the prohibited act but should not be found liable). So, for example, in *People v. Vogel*, 46 Cal. 2d 798, 299 P.2d 850 (1956), the court found that although bigamy was a strict liability offense, and no fault was required (thus, mistake was no defense) defendant could still argue that he believed that he was divorced as an affirmative defense. However, neither strategy is permitted under Virgin Islands law.

## 1. Mens Rea and Strict Liability Offenses.

The Court, in this case, is faced with two applicable provisions of law. First, there is statutory rape, which does not require 'fault' on the part of the defendant. Second, there is a general criminal statute that provides that a defendant cannot be guilty of an offense where he acted out of ignorance or mistake. Because these two statutes appear to control the issue, *in pari materia*, they must be read together insofar as possible. This is because the legislature is generally presumed to know of, and to legislate in harmony with, existing laws. Thus, the Third Circuit Court of Appeals found that 14 V.I.C. § 14 is "a significant indication of legislative intent" and that it should be read together with statutes that omit a mental element requirement. *See, Rodriquez, infra*, at 464.

Further, as a general rule the Court must construe criminal statutes strictly and in favor of the defendant. *United States v. Wiltberger*, 283 U.S. 25, 27 (1931). The more severe the punishment the more strictly a statute should be construed. Therefore, when faced with a statute that has omitted a mental element, sometimes the court will read a fault requirement into a statute. *See*, Frankfurter, J., dissenting in *Lambert v. California*, 355 U.S. 225, 2 L. Ed. 2d 228, 78 S. Ct. 240 ("Considerations of hardship often lead courts, naturally enough, to attribute to a statute the requirements of a certain mental element—some consciousness of

50

wrongdoing and knowledge of the law's command—as a matter of statutory construction.").

■ Thus, in *Government of the Virgin Islands v. Rodriquez*, 7 V.I. 456, 423 F.2d 9 (3d Cir. 1970) the Third Circuit Court of Appeals considered "whether knowledge ... is an essential element" where the relevant statute was silent with respect to intent. The Court noted, "as the states codified the common law of crimes, the courts usually took the view that it would be presumed that intent or knowledge was an implied element of the statutory crime unless the legislature expressly indicated otherwise." *Id.* at 461. Therefore, in the Virgin Islands, where a statute codifying a common law crime is silent as to intent, it is proper to look to the general provision 14 V.I.C. § 14.

However, at the same time that courts were codifying the common law, there was an increased pressure for "enforcement of administrative regulations by the use of criminal sanctions". *Id.* These pressures resulted in a series of new crimes and the doctrine of strict liability for these so-called 'public welfare offenses'. Blue-sky laws, liquor and narcotics laws, pure food laws, and traffic laws are often cited examples of such strict liability offenses. Ordinarily these crimes will carry a relatively light sentence. While legislatures have frequently imposed liability for conduct without fault, and have not required any particular mental state, these strict-liability statutes have been severely criticized.[2] Thus, many commentators argue that the better view is that strict liability should never be relied upon to impose a sentence of imprisonment. *See,* Model Penal Code § 2.05 Comments; Wayne R. La Fave, *Criminal Law* § 31 (West 1972).

Recognizing this tension, the Court explained that the Supreme Court has hesitated to extend this "strict liability" doctrine to common law

---

[2] "The consensus can be summarily stated: to punish conduct without reference to the actor's state of mind is both inefficacious and unjust. It is inefficacious because conduct unaccompanied by an awareness of the factors making it criminal does not mark the actor as one who needs to be subject to punishment in order to deter him or others from behaving similarly in the future, nor does it single him out as a socially dangerous individual who needs to be incapacitated or reformed. It is unjust because the actor is subjected to the stigma of a criminal conviction without being morally blameworthy. Consequently, on either a preventative or retributive theory of criminal punishment, the criminal sanction is inappropriate in the absence of *mens rea*." Packer, *Mens Rea and the Supreme Court*, 1962 SUP. CT. REV. 107, 109.

crimes such as battery which are more than mere administrative concerns, and which include the threat of lengthy imprisonment. As one commentator explained,

> The modern tendency in criminal law is to create new crimes punishing conduct without an express requirement of any sort of bad intent or even negligence. Courts sometimes read some sort of *mens rea* requirement into the statue, at least if the punishment is severe. ... Wayne R. LaFave, Criminal Law § 10 note 27 (1972).

Following this trend, the Court held that the Virgin Islands vagrancy statute required knowledge that the house in which a defendant lives or at which he loiters is a house of ill fame—even though the statute omitted any mental element and was silent with respect to intent, or *mens rea*. *See*, 14 V.I.C. § 2221; 14 V.I.C. § 14, note 2. Further, the Court indicated that 14 V.I.C. § 14 deals with general defenses to a criminal charge. Thus, when a defense is raised, the burden of proving the element of knowledge beyond a reasonable doubt is on the government *even where the statute is silent as to intent. Rodriquez, supra.*

Similarly, the Territorial Court has held that a statute that appeared to omit any requisite mental state must be read in connection with 14 V.I.C. § 14. In *Government of the Virgin Islands v. Turnbull*, 39 V.I. 179 (Terr. Ct. 1998), the Court held that a defendant could raise mistake of fact as to the minor's age as a defense when charged with violating 14 V.I.C. § 485 (serving liquor to minors)—even though knowledge of the minor's age was not an element of the statute in question. The Court reasoned that the statute "when read with the statute addressing criminal intent, contained the essential element of knowledge and was not a strict liability statute." *Turnbull*, at 184. Explicitly adopting *Rodriguez*, the Court indicated that section 14 was "indicative of a legislative intention to require the element of knowledge." *Turnbull* at 184.

Nonetheless, many jurisdictions that imply a *mens rea* requirement for some offenses will still refuse to do so when it comes to statutory rape.[3] Therefore, although 14 V.I.C. § 14 provides for a mental

---

[3] In *Vermont v. Searles*, 159 Vt. 525, 621 A.2d 1281 (1993), the Court would not imply knowledge of victim's age as an element of offense or reasonable mistake of fact as defense to that charge. However, the same court had implied mental elements to other offenses such as "hit and run", and kidnapping. *Id.* at 527.

element in some situations, it may not be read to prohibit the creation of all strict liability offenses. *See, State v. Stiffler*, 114 ID 935, 763 P.2d 308 (1988), (construing an identical statute).[4] This distinction is not a new one.

Historically speaking, crimes that were considered *mala in se* were wrong in and of themselves—those crimes that were inherently evil. On the other hand, crimes which were *mala prohibita* were wrong only because they had been prohibited by legislation. *State v. Horton*, 139 N.C. 588, 51 S.E. 945 (1950). However, the distinction is not always clear.[5] For example, it is often said that common law crimes are *mala in se*, whereas statutory crimes are *mala prohibita*. It has also been said that a crime that requires criminal intent is *malum in se*, whereas crimes that do not require criminal intent are *malum prohibitum*.[6] Accordingly, when common law crimes which are *mala in se* are later codified, the "element of intent must be implied." *See, People v. Aaron*, 409 Mich. 672, 299 N.W.2d 304 (1980).

Therefore, if the Court were to find that statutory rape was merely *malum prohibitum*—that is, the sort of crime which does not require criminal intent—then the issue of would be relatively straightforward. However, doing so would require the Court to ignore that statutory rape was a crime at common law, and the Court hesitates to find this crime, easily classified as inherently evil, as being *malum prohibitum*. Further,

---

[4] The Idaho statute provides "all persons are capable of committing crimes except those ... persons who committed the act ... under an ignorance or mistake of fact which disproves any criminal intent." I.C. § 18-201; *compare*, 14 V.I.C. § 14. The court found that the intent required in statutory rape is merely knowing or conscious performance of act, not evil motive or criminal intent; thus, the court found that statutory rape was a strict liability offense.

[5] Violation of a criminal statute may be either *malum in se* or *malum prohibitum* and, the question is often one of degree. In addition, as societal norms shift, crimes may move between these categories. *See, Peoples v. Commonwealth*, 87 Ky. 487, 9 S.W. 509 (1888) (abortion as *malum in se*). Thus, while forcible rape is clearly *malum in se*, the issue of statutory rape involving girls near the age of majority is not so clear. This is evidenced by the fact that the 'age of consent' may be changed at any time, and therefore, the determination depends in large part upon the current mores as expressed by the Legislature.

[6] *See, Duncan v. Commonwealth*, 289 Ky. 231, 158 S.W. 2d 396 (1942) (sale of alcohol to minor is *malum prohibitum* so lack of bad intent is no defense).

prior to 1964 it was universally accepted in the United States that a mistake of fact as to the victim's age was no defense.[7]

Regardless, the Court will not attempt to determine whether statutory rape is *malum in se* or *malum prohibitum* in order to decide whether the crime requires criminal intent or not—for this would clearly become circular. Obviously, the vastly different approaches to classifying crimes will often lead to inconsistent results; hence, these distinctions are not particularly helpful.[8] Instead, the Court will look to the intent of the legislature to determine whether statutory rape was intended to be a strict liability offense in the Virgin Islands. If so, the Court will not imply an intent requirement, even though it may be rooted in the common law and carries a severe punishment.

## 2. LEGISLATIVE INTENT.

Although most strict liability offenses are administrative in nature, such is not the case with sex offenses. Therefore, when determining whether the legislature intended a particular crime to be a strict liability offense, the court must consider, the severity of the punishment; the seriousness of the harm to the public; the defendant's opportunity to ascertain the true facts; the difficulty of prosecution of intent is required; and the number of prosecutions expected. *See, United States v. Greenbaum*, 138 F.2d 437 (3d Cir. 1943); *Vermont v. Searles*, 159 Vt. 525, 621 A.2d 1281 (1993).

Certainly the severity of the punishment weighs against imposing strict liability in the case of statutory rape. However, all of the other factors favor it. In particular, the degree of harm to the public weighs in favor of creating a strict liability offense for statutory rape; and, protecting young girls against the possibilities of pregnancy and disease is a valid exercise of the Territory's police power. Further, requiring a man to

---

[7] In 1964 the California Supreme Court decided *People v. Hernandez*, 61 Cal. 2d 529, 393 P.2d 673, 39 Cal. Rptr. 361 (1964) which held that a good faith belief that the victim was of age and had voluntarily engaged in sexual intercourse was a defense to statutory rape.

[8] *Compare, State v. Budge*, 126 Me. 223, 137 A 244 (1927) (driving under the influence *malum prohibitum*); *contra, Keller v. State*, 155 Tenn. 633, 299 S.W. 803 (1927); *State v. Darchuck*, 117 Mont. 15, 156 P2d 173 (1945) (driving under the influence is *malum in se*).

determine the true age of those girls with whom he has sex is not too stringent a requirement.

■ When revising the Virgin Islands statutory rape provisions, the Legislature stated its intention clearly:

> To *expand* the definition of rape; to provide mandatory minimum sentences for forcible and statutory rape ... *See*, Act no. 5013, Sess. Laws, October 18, 1984. [Emphasis added].

Thus, the Legislature was concerned primarily with what it perceived to be a serious threat to the public, as evidenced by its expansion of the law and the imposition of mandatory sentences. Further, the Legislature saw fit to require intent is some subsections, but not in others. For example, 14 V.I.C. § 1701(5) provides that it is first-degree rape to have sexual intercourse with a person who is "unconscious" but only when this fact is "*known* to the defendant." *See also*, 14 V.I.C. § 1708(6). Thus, it is clear that the omission of any intent requirement from §§ 1702, 1709 was not merely an oversight by the Legislature. To the contrary, it appears that the Legislature was fully aware of the significance of the defendant's knowledge, yet, chose not to include intent in those sections. Therefore, it would be inappropriate for the Court to engraft such a requirement.

■ This view is consistent with the law in a vast majority of jurisdictions, which hold that, *irrespective of the strict penalties*, sex crimes like statutory rape may be strict liability offenses because of the seriousness of the offense.[1] *See*, 46 ALR 5th 499. Therefore, like a majority of states, as well as the federal courts, the Court holds that a reasonable mistake of fact is not a defense to statutory rape. Further, the Court finds that, although 14 V.I.C. § 14 provides for "ignorance or mistake of fact," those defenses are only relevant insofar as they "disprove any criminal intent." *See*, 14 V.I.C. § 14. Therefore, because the Court has determined that 14 V.I.C. §§ 1702 and 1709 do not require *mens rea*, a mistake of fact is no defense to those crimes.

---

[1] 17 states now allow mistake of age defense by statute and four states have crafted judge-made defenses. *See*, 46 ALR5th 509. The Model Penal Code also expressly allows the defense: "When criminality depends on the child's being below a critical age other than 10, it is a defense for the actor to prove that he reasonably believed the child to be above the critical age." M.P.C. § 213.6(1).