Tiba FRANCIS, Appellant,

v.

GOVERNMENT OF THE VIRGIN ISLANDS, Appellee.

No. D.C. CRIM.APP. NO. 2.

District Court, Virgin Islands, Appellate Division, D. St. Thomas.

Dec. 5, 2002.

Nizar Abdullah, Territorial Public Defender, St. Thomas, VI, for Appellant.

Maureen Phelan, Assistant Attorney General, Department of Justice, St. Thomas, VI, for Appellee.

Before: RAYMOND L. FINCH, Chief Judge, District Court of the Virgin Islands; THOMAS K. MOORE, Judge of the District Court of the Virgin Islands; and EDGAR D. ROSS, Judge of the Territorial Court, Division of ST. CROIX, Sitting by Designation.

## OPINION OF THE COURT

PER CURIAM.

## I. INTRODUCTION

Appellant Tiba Francis appeals his conviction for aggravated rape. *See* V.I.Code Ann. tit. 14, § 1700(a)(1) (Supp.2002) ("[W]hoever perpetrates an act of sexual intercourse or sodomy with a person not the perpetrator's spouse: (1) who is under thirteen years of age ..." is guilty of aggravated rape in the first degree.). At trial, he argued that mistake of fact is a defense to the aggravated rape charge, and moved that the trial court should allow the jury to consider such defense. The trial court denied his motion and held that section 1700(a) is a statutory rape statute, and not a specific intent statute requiring proof of knowledge by the defendant of the victim's age. The jury convicted appellant of the Aggravated Rape charge based on the trial judge's instruction that mistake of fact as to the victim's age is not a defense.

The appeal raises the question whether the trial court erred as a matter of law in construing 14 V.I.C. § 1700(a) as a statutory rape statute. Because the trial court correctly interpreted section 1700(a), this Court will affirm Francis's conviction.

## II. FACTUAL AND PROCEDURAL HISTORY

On November 30, 1999, Tiba Francis ["Francis" or "appellant"] was charged pursuant to a criminal information with aggravated rape, kidnapping, and assault, in violation of 14 V.I.C. § 1700(a)(1), 14 V.I.C. § 1052(b), and 14 V.I.C. § 295(3), respectively.

On November 30, 2000, Francis moved the trial court to allow the jury to consider his lack of knowledge of the victim's age as a defense. Francis argued that mistake of fact is a defense to the aggravated rape charge, and that the trial court should allow the jury to consider such defense.

On January 11, 2002, the trial court denied Francis's motion, holding that section 1700(a) is a strict liability statute, and that the government therefore need not prove the defendant's knowledge of the victim's age. The judge accordingly instructed the jury that mistake of fact as to the victim's age is not to be considered a defense. The jury acquitted Francis of the assault and kidnapping charges, but found him guilty of the aggravated rape charge. This timely appeal followed.

## III. DISCUSSION

### A. Jurisdiction and Standard of Review

██ This Court has jurisdiction to consider the judgments and orders of the Territorial Court in criminal cases. 4 V.I.C. § 33; Section 23A of the Revised

Organic Act of 1954.[1] We apply plenary review to questions of statutory interpretation. *Virgin Islands ex rel. Larsen v. Ruiz,* 145 F.Supp.2d 681, 685 (D.V.I.App. Div.2000).

**B. Whether the Trial Judge Erred in Construing 14 V.I.C. § 1700(a)(1) as a Strict Liability 'Statutory Rape' Statute**

On appeal, Francis avers that the trial court erred as a matter of law in construing section 1700(a)(1) as a strict liability "statutory rape" statute in the absence of specific legislative intent to that effect. Further, appellant alleges that the trial court erred in not allowing the jury to consider the mistake of fact defense. The government counters that the trial court correctly ruled that mistake of fact is not a defense to the crime of aggravated rape of a child younger than thirteen.

Section 1700(a)(1), entitled "Aggravated rape in the first degree" provides, in pertinent part, that "[w]hoever perpetrates an act of sexual intercourse or sodomy with a person not the perpetrator's spouse [w]ho is under the age of thirteen ... is guilty of aggravated rape in the first degree ...." 14 V.I.C. § 1700(a)(1) (Supp.2002). The statute on its face requires no proof that the defendant knew the victim was under thirteen years of age.

The Court of Appeals for the Third Circuit has not thus far indicated that section 1700(a)(1) requires knowledge of the victim's age. The only elements of aggravated rape which the government must prove beyond a reasonable doubt are:

(1) the defendant intentionally had sexual intercourse with the alleged victim ...,

(2) the victim was not his spouse, and

(3) the victim was under the age of 13.

*See Government of the Virgin Islands v. Robert Pinney,* 967 F.2d 912, 915 (3d Cir. 1992).

Appellant argues to the contrary that mistake of fact of the victim's age is a defense to aggravated rape. He relies on 14 V.I.C. § 14(5), which provides that:

All persons are capable of committing crimes or offenses except ... (5) persons who committed the act ... under an ignorance or mistake of fact, which disproves any criminal intent.

The Third Circuit Court of Appeals has explained that section 14 is a "legislative expression which adds affirmative support to the rule against reading a statute as abandoning a requirement of knowledge unless the statute exhibits such a deliberate legislative choice." *Government of the Virgin Islands v. Rodriguez,* 423 F.2d 9, 14 (3d Cir.1970).

We therefore must determine whether the Virgin Islands legislature has deliberately decided to enact a strict liability statutory rape statute. We will first discuss strict liability crimes and the presumption against them, and then consider the legislative intent with regard to the statute in question.

**Strict Liability in Criminal Law**

Strict liability offenses are crimes that "by definition, do not contain a *mens rea* requirement regarding one or more elements of the *actus reus.*" Joshua Dressler, *Understanding Criminal Law* 125 (1995). Most strict liability offenses are so-called "public welfare offenses." These instances of proscribed conduct are classified as *malum prohibitum,* as opposed to

---

1. *See* Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1995 & Supp.2001), *reprinted*

*in* V.I. CODE ANN. 73–177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2001) (preceding V.I. CODE ANN. tit. 1).

*malum in se.* That is, the proscribed conduct is not morally wrong, but it is criminalized because it impacts negatively on some aspect of public welfare. Examples of public welfare offenses include selling impure food and violating motor-vehicle regulations. There are rare instances of non-public welfare offenses, however, which do not require proof that the defendant possessed a *mens rea* regarding a material element of the offense. We will refer to these as "strict liability crimes," as opposed to "public welfare offenses."

The distinction between strict liability crimes and public-welfare offenses is that the former carry severe punishments, and involve conduct *malum in* se. Violators of strict liability crimes are singled out for moral approbation and punishment, but no proof of moral fault is required. The Supreme Court proclaimed that "[t]he contention that an injury can amount to a crime only when inflicted by [*mens rea*] is no provincial or transient notion. It is ... universal and persistent in mature systems of law ...." *Morissette v. United States,* 342 U.S. 246, 250, 72 S.Ct. 240, 96 L.Ed. 288 (1952). *See also United States v. United States Gypsum Co.,* 438 U.S. 422, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978) (offenses that do not contain a *mens rea* element have a "generally disfavored status").

Although a culpable mental state is generally required before criminal sanctions may be imposed, "[e]xceptions came to include sex offenses, such as rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached age of consent." *See Morissette,* 342 U.S. at 251 n. 8, 72 S.Ct. 240. Statutory rape, or consensual intercourse with an underage female, is a strict liability crime because the statute does not impose, and most courts do not imply, proof of any *mens rea* element regarding the defendant's knowledge of the victim's age. Thus, a defendant may be convicted of statutory rape even if he reasonably believed that the victim was old enough to consent to intercourse.

The majority of courts construe statutory rape statutes as strict liability crimes, under which a defendant's mistake of fact about the victim's age does not negate his criminal responsibility for the violation.[2] A minority of courts, however, construe statutory rape as a general intent offense, and allow a reasonable mistake of fact defense.[3] Some courts have held that mistake regarding the victim's age is only a defense as to victims of a certain age.[4]

### Legislative Intent

Because strict liability crimes are anomalous, courts have held that a requirement of *mens rea* would be presumed in the absence of evidence of legislative purpose to the contrary. Courts weigh various factors to decide whether a prima facie

---

**2.** "[T]he majority of jurisdictions whose higher courts have considered the issue have declined to ... allow a reasonable-mistake defense." Colin Campbell, Annotation, *Mistake or lack of information as to victim's age as defense to statutory rape,* 46 A.L.R. 5th 499 (1997). For examples of cases where courts held that a defendant's mistaken belief about the age of a victim was not a defense to a charge of statutory rape, see *Government of V.I. v. Richards,* 44 V.I. 47, 2001 WL 1464765 (2001); *State v. Stiffler,* 117 Idaho 405, 788 P.2d 220 (1990); *Garnett v. State,* 332 Md.

571, 632 A.2d 797 (1993); *Jenkins v. State,* 110 Nev. 865, 877 P.2d 1063 (1994).

**3.** *See State v. Guest,* 583 P.2d 836 (Alaska 1978); *People v. Hernandez,* 61 Cal.2d 529, 39 Cal.Rptr. 361, 393 P.2d 673 (1964); *Perez v. State,* 111 N.M. 160, 803 P.2d 249 (1990).

**4.** *See State v. Jalo,* 72 Or.App. 479, 696 P.2d 14 (1985); *State v. Dodd,* 53 Wash.App. 178, 765 P.2d 1337 (1989).

strict liability statute should be treated as such.

The Court of Appeals for the Third Circuit has held that where offenses prohibited and made punishable are capable of inflicting widespread injury and the requirement of proof of the offender's guilty knowledge and wrongful intent would render enforcement of prohibition difficult, the legislative intent to dispense with *mens rea* as an element of the offense is justified. *U.S. v. Greenbaum*, 138 F.2d 437 (3d Cir.1943). Construing section 14, discussed above, the Court of Appeals held that a statute should not be read as abandoning the requirement of knowledge unless the statute exhibits such a deliberate legislative choice. *Rodriguez*, 423 F.2d at 9.

A recent Territorial Court opinion held that the legislature purposely omitted the intent requirement from similar rape provisions and that omission of any intent requirement from sections 1702 ("rape in the second degree") and section 1709 ("unlawful sexual conduct in the second degree") was not merely an oversight by the Legislature. *Government of V.I. v. Richards*, 44 V.I. 47, 2001 WL 1464765 (2001) (Hodge, J.). The Legislature was fully aware of the significance of the defendant's knowledge, yet chose not to include intent in those sections, and it would be inappropriate for the court to imply such a requirement. Accordingly, ignorance or mistake of fact defenses provided by 14 V.I.C. § 14 are only relevant insofar as they "disprove any criminal intent," because it has been determined that 14 V.I.C. § 1702 and 14 V.I.C. § 1709 do not require *mens rea*, a mistake of fact as to the victim's age is no defense to those crimes.

Some provisions of the Virgin Islands rape statutes do impose an intent requirement, and thereby allow for a mistake of fact defense, as provided for by section 14. For example, section 1701(5) provides that it is first degree rape to have intercourse with a person."when the person is, at the time, unconscious of the nature of the act *and this is known to the defendant.*" 14 V.I.C. § 1701(5), emphasis added. *See also* 14 V.I.C. § 1708(6). Because the Legislature required intent in some subsections, the court may conclude that it purposely omitted the *mens rea* requirement from sections 1702 and 1709. *See* 44 V.I. 47 at 52. · This argument also applies to section 1700(a).

■ The Legislature's intention not to include a *mens rea* requirement in the aggravated rape statute is clear, and it is also justified. The harm that the statute seeks to prevent is of such magnitude that it warrants the imposition of a strict liability standard. Because the aggravated rape statute contains no requirement of knowledge or intent on the part of the defendant as to the victim's age, the mistake of fact defense provided for in section 14(5) does not apply.

## IV. CONCLUSION

Because section 1700(a)(1) is a strict liability statute, this Court finds that the trial judge did not err in his interpretation of the aggravated rape statute. Accordingly, the trial court was correct in not allowing the jury to consider the mistake of fact defense. This Court thus affirms appellant's conviction. An appropriate order follows.

## ORDER OF THE COURT

**AND NOW**, this 5th day of December, 2002, having considered the parties' submissions and arguments, and for the reasons set forth in the Court's accompanying Opinion of even date, it is hereby

**ORDERED** that the judgment of the Territorial Court is **AFFIRMED**.