

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-28-2006

# Govt of VI v. Joyce

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4937

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Govt of VI v. Joyce" (2006). *2006 Decisions.* Paper 13.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/13

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

—————

NO. 05-4937

—————

GOVERNMENT OF THE VIRGIN ISLANDS

v.

ELWIN JOYCE,
                    Appellant

—————

On Appeal From the District Court
of the Virgin Islands, Division of St. Thomas and St. John
(D.C. Crim. Action No. 03-cr-00057-1)
Trial Judge:  Hon. Raymond L. Finch, Chief District Judge
Trial Judge: Hon. Thomas K. Moore, District Judge
Trial Judge: Darryl D. Donohue, Territorial Judge

—————

Argued: December 5, 2006

BEFORE: McKEE, BARRY and STAPLETON, Circuit Judges

(Opinion Filed:   December 28, 2006)

—————

Andrew L. Capdeville (Argued)
Nisky Center - Suite 201
P.O. Box 6576
Charlotte Amalie, St. Thomas
USVI 00804

        Attorney for Appellant

Kerry E. Drue
Attorney General
Elliott M. Davis
Solicitor General
Matthew Phelan (Argued)
Assistant Attorney General
Office of the Attorney General of Virgin Islands
Department of Justice
34-38 Kronprindsens Gade, GERS Building, 2nd Floor
Charlotte Amalie, St. Thomas
USVI 00802

      Attorneys for Appellee

---

OPINION OF THE COURT

---

STAPLETON, <u>Circuit Judge</u>:

Elwin Joyce appeals his conviction for first-degree rape under V.I. Code tit. 14, § 1701(2). We have jurisdiction under 48 U.S.C. § 1613a(c) and we will affirm.

I

Joyce is a family friend of Carlene Ritter Thomas. Thomas is the mother of Rhatonda Saddler, the victim in this case. Saddler was 17 years old at the time of the alleged rape. At trial, Saddler testified that, on April 30, 1998, she went with Joyce and his family to a show at a stadium in St. Thomas. During the show, Joyce told Saddler that he wanted to talk to her. Joyce and Saddler went to Joyce's jeep and both got into the back seat. At that point, Joyce physically forced Saddler to lie down and to have sexual intercourse with him, although Saddler did not consent and tried to push Joyce off of her.

Joyce also touched Saddler's breast and vagina without her consent. Joyce said to Saddler at one point that she belonged to him, and that he was a jealous man and would kill her. After she put her clothes on, Joyce gave Saddler $20 and she returned to the stadium alone. Although Saddler told Joyce's wife immediately that she had been raped, she did not tell her mother until May 4, 1998. Ms Saddler was examined by a doctor the following day, and by a second physician a day after that.

Joyce was subsequently charged with one count of first degree rape under V.I. Code tit. 14, § 1701(2), and two counts of unlawful sexual contact under V.I. Code tit. 14, § 1708(1). Section 1701(2) provides that "[w]hoever perpetrates an act of sexual intercourse or sodomy with a person . . . (2) when the person's resistance is forcibly overcome . . . is guilty of rape in the first degree and shall be imprisoned not less than 10 years nor more than 30 years." Section 1708(1) provides that "[a] person who engages in sexual contact with a person not the perpetrator's spouse— . . . (1) when force or coercion is used to accomplish the sexual contact; . . . is guilty of unlawful sexual contact and shall be imprisoned not more than 15 years."

Joyce had a trial in the Territorial Court from January 25 to January 28, 1999, at which he testified. During his testimony, Joyce admitted that he had sexual intercourse with Saddler, but testified that he did not use force and that Saddler consented.

After the closing arguments, the Territorial Court instructed the jury as follows on the first-degree rape charge.

"[T]he government charges, in Count I of the Information that, on or about

3

April 30th, 1998, in St. Thomas United States Virgin Islands, Elwin Joyce did perpetrate an act of sexual intercourse with a person, to wit . . . Rhatonda Saddler, when her resistance was forcibly overcome by pushing her down onto the back seat of his automobile and putting his penis into her vagina, in violation of 14 Virgin Islands Code 1701(2).

"The elements which the Government must prove beyond a reasonable doubt on the charge of rape in the first degree as charged in Count I are as follows. One, on or about April 30th, 1998; two, in St. Thomas United States Virgin Islands; three, the defendant, Elwin Joyce, four, *at a time when Rhatonda Saddler's resistance was forcibly overcome*; five, did perpetrate an act of sexual intercourse with Rhatonda Saddler; six, *without Rhatonda Saddler's consent*, by defendant pushing Rhatonda Saddler onto the back seat of his automobile and putting his penis into her vagina, in violation of 14 VI Code 1701(2).

 . . .

"Now, in determining the defendant's intention, *the law assumes that every person intends the natural consequences of his voluntary acts.* Therefore, the general intent required to be proved as an element of rape in the first degree is inferred from the defendant's voluntary commission of the act forbidden by law and *it is not necessary to establish that defendant knew that his act was a violation of law.*"

(emphasis added).

After charging the jury on the remaining counts, the court went on to discuss

Joyce's assertion that Saddler consented. It stated as follows:

"The defendant has invoked a defense of consent. Consent is an absolute defense to the crimes of rape in the first degree and unlawful sexual contact in the first degree. If after considering all of the evidence you have a reasonable doubt as to whether the alleged victim consented to having sexual intercourse with the defendant, you must find the defendant not guilty of rape in the first degree in Count I."

After deliberating, the jury found Joyce guilty as charged on all three counts.

Joyce appealed to the Appellate Division of the Virgin Islands, arguing that the Territorial

Court had given the jury improper instructions regarding intent. The Appellate Division

4

affirmed, and Joyce appeals to this court.[1]

## II

On appeal, Joyce challenges the following part of the Territorial Court's instruction on first degree rape:

> "[I]n determining the defendant's intention, the law assumes that every person intends the natural consequences of his voluntary acts. Therefore, the general intent required to be proved as an element of rape in the first degree is inferred from the defendant's voluntary commission of the act forbidden by law and it is not necessary to establish that defendant knew that his act was a violation of law."

Joyce argues that the offense with which he is charged is such that "if [he] reasonably believed that he had been involved in an act of consensual sexual intercourse—as he testified—he would not have had the *mens rea* necessary to constitute the crime of rape as charged," and that the instruction given effectively shifted the burden of proof on this *mens rea* element to him, in violation of the principles set forth in *Sandstrom v. Montana*, 442 U.S. 510 (1979) and *United States v. Garrett*, 574 F.2d 778 (3d Cir.1978).

## A

---

[1]This court reviews the determination of the Territorial Court using the same standard of review applied by the Appellate Division. *Tyler v. Armstrong*, 365 F.3d 204, 208 (3d Cir. 2004); *Gov't of the Virgin Islands v. Albert*, 241 F.3d 344, 347 n.3 (3d Cir. 2001); *Semper v. Santos*, 845 F.2d 1233, 1235-36 (3d Cir. 1988). In the absence of a timely objection, this court reviews challenged jury instructions for plain error, but exercises plenary review over the lower court's interpretation of the relevant law. *See Gov't of the Virgin Islands v. Rosa*, 399 F.3d 283, 292-94 (3d Cir. 2005); *Gov't of the Virgin Islands v. Fonseca*, 274 F.3d 760, 765 (3d Cir. 2001).

Joyce was charged with first-degree rape under V.I. Code tit. 14, § 1701(2), which provides that "[w]hoever perpetrates an act of sexual intercourse or sodomy with a person— . . . (2) when the person's resistance is forcibly overcome . . . is guilty of rape in the first degree." V.I. Code tit. 14, § 1701(2). On its face, the statute does not include a *mens rea* element; all that is required is that sexual intercourse or sodomy occur and that the victim's "resistance [be] forcibly overcome."

1

A comparison of subsection (2) of section 1701—under which Joyce was charged—with the rest of that section leads ineluctably to the conclusion that the omission of a *mens rea* requirement in subsection (2) was a deliberate choice by the Legislature of the Virgin Islands.[2] Although the statute includes a requirement of

---

[2]Section 1701 sets forth five sets of circumstances under which sexual intercourse or sodomy may become first-degree rape:

> Whoever perpetrates an act of sexual intercourse or sodomy with a person–
> > (1) when through idiocy, imbecility or any unsoundness of mind, either temporary or permanent, the person is incapable of giving consent, or, by reason of mental or physical weakness or immaturity or any bodily ailment, the person does not offer resistance;
> > (2) when the person's resistance is forcibly overcome;
> > (3) when the person's resistance is prevented by fear of immediate and great bodily harm which the person has reasonable cause to believe will be inflicted upon the person;
> > (4) when the person's resistance is prevented by stupor or weakness of mind produced by an intoxicating, narcotic or anaesthetic agent, or *when the person is known by the defendant to be in such state of stupor or weakness of mind from any cause*; or
> > (5) when the person is, at the time, unconscious of the nature

subjective knowledge on the part of the defendant when the victim is unconscious or in such a state of stupor or weakness of mind as to be unable to resist, § 1701(4)-(5), it does not include such a requirement when the victim's resistance is overcome by force or the threat of force, § 1701(2)-(3).  The Territorial Court of the Virgin Islands and the District Court have examined other provisions of the Virgin Islands rape statutes and held that where the Legislature did not set forth a *mens rea* element, such a choice was deliberate. *See Government of the Virgin Islands v. Richards*, No. F40/01, 44 V.I. 47, 55, 2001 WL 1464765 at *5 (Terr. V.I. June 24, 2001) ("[I]t is clear that the omission of any intent requirement from §§ 1702, 1709 was not merely an oversight by the Legislature.  To the contrary, it appears that the Legislature was fully aware of the significance of the defendant's knowledge, yet, chose not to include intent in those sections.  Therefore, it would be inappropriate for the Court to engraft such a requirement.");  *Francis v. Gov't of the Virgin Islands*, 236 F. Supp. 2d 498, 500-502 (D.V.I. App. Div. 2002) (citing *Richards* and applying the same logic to § 1700, another aggravated rape statute).

2

Joyce argues, however, that our decision in *Government of the Virgin Islands v. Rodriguez*, 423 F.2d 9, 12-15 (3d Cir. 1970), compels us to read a mental state requirement into the statute. Although we stated in *Rodriguez* that we presume that a

---

of the act *and this is known to the defendant–*
is guilty of rape in the first degree.
V.I. Code tit. 14, § 1701 (emphasis added).

criminal statute defining an offense includes a mental state requirement where none is explicit in the statute, we added that we do so when "there is no reason to suppose that the [legislature], by deliberate choice, omitted such a requirement." *Id.* at 13 (quoting *Delaney v. United States*, 199 F.2d 107, 117 (1st Cir. 1952)). As explained above, here there is a reason to suppose that the omission of any mental state requirement in Section 1701(2) was a deliberate choice.[3]

Moreover, the Supreme Court has explained recently that the canon of statutory construction setting forth a presumption in favor of a mental state element in criminal statutes "requires a court to read into a statute only that *mens rea* . . . necessary to separate wrongful conduct from otherwise innocent conduct." *Carter v. United States*, 530 U.S. 255, 269 (2000) (internal quotation marks omitted). Here, where the statute includes the elements of force overcoming the victim's resistance, at most the only mental state required to separate criminal conduct from innocent conduct is general intent—that the defendant intended to make the bodily movement that constitutes the act forbidden by law, i.e. the act of penetration and the use of force to overcome resistance by the victim. *See id.* at 268-70; *United States v. Dollar Bank Money Market Account No. 1591768456*, 980 F.2d 233, 237 (3d Cir. 1992); 2 Wayne R. LaFave, *Substantive Criminal Law*, §

---

[3]Joyce also relies on V.I. Code tit. 14, § 14(5), which makes a defense of mistake of fact available in some instances. As the Territorial Court explained in *Richards*, the statute provides that mistake of fact "disproves any criminal intent," and is unavailing where, as here, criminal intent is not an element of the offense. *Richards*, 44 V.I. at 49, 2001 WL 1464765 at *1-*2.

17.2(b), at 613-17 (2d ed. 2003) (discussing general and specific intent in the context of rape statutes). As noted, Joyce's argument is that the statute includes an element of specific intent, *viz.* that the defendant subjectively knew that the victim did not consent. Several state courts, construing their own rape statutes, have rejected this argument and held that where a statute defines the crime of rape to include an element of force, no mental state is necessary to separate innocent and criminal conduct. *State v. Walden*, 841 P.2d 81, 83-84 (Wash. Ct. App. 1992) ("Since one cannot accidentally or innocently induce another person to engage in sexual intercourse by means of force or threat, there is no need to imply specific intent as an element of the crime in order to prevent nonculpable conduct from being criminal."); *see also Commonwealth v. Lopez*, 745 N.E. 2d 961, 968-69 (Mass. 2001) (collecting cases from Illinois, Iowa, Maine, New Hampshire, Pennsylvania, Michigan, Washington, and Wisconsin similarly declining to interpret their respective rape statutes as requiring a mental state on the part of the defendant where none is set forth in the statute and where force or the threat of force is an element of the offense); *Commonwealth v. Williams*, 439 A.2d 765, 769 (Pa. Super. 1982) ("If the element of the defendant's belief as to the victim's state of mind is to be established as a defense to the crime of rape then it should be done by our legislature which has the power to define crimes and offenses. We refuse to create such a defense."); *cf.* 2 LaFave, § 17.2(b), at 613-17 (2d ed. 2003) (noting that most states do not recognize mistake of fact regarding the victim's consent as a defense to rape). We reject Joyce's argument as well.

As we read the statute, the Legislature of the Virgin Islands did not intend to make the mental state element for which Joyce argues an element of the crime of first-degree rape under V.I. Code tit. 14, § 1701(2), and the cases in which courts have found implicit *mens rea* requirements in criminal statutes do not compel a contrary result.[4]

B

*Sandstrom v. Montana*, 442 U.S. 510 (1979) and *United States v. Garrett*, 574 F.2d 778 (3d Cir.1978) disapprove of jury instructions that relieve the prosecution of its burden to prove all elements of a charged offense beyond a reasonable doubt, and those cases hold that an instruction such as was given in the present case may tend to have such an effect where the defendant's subjective intent is an element of the charged offense. *Sandstrom*, 442 U.S. at 524; *Garrett*, 547 F.2d at 782-83. The Supreme Court has held, however, that harmless error analysis applies to *Sandstrom*-type challenges to jury

---

[4]In his appeals to this court and to the Appellate Division of the District Court, Mr. Joyce does not appear to challenge his convictions for unlawful sexual contact under V.I. Code tit. 14, § 1708(1). To the extent that he does, however, our analysis of section 1701(2) is equally applicable to section 1708(1). Section 1708(1) provides that "[a] person who engages in sexual contact with a person not the perpetrator's spouse . . . when force or coercion is used to accomplish the sexual contact . . . is guilty of unlawful sexual contact and shall be imprisoned not more than 15 years." Like section 1701, section 1708 of the Virgin Islands Criminal Code includes several subsections, some of which include a *mens rea* requirement, others of which do not. Like section 1701(2), section 1708(1) includes no *mens rea* requirement in its text, but includes "force or coercion" as an element of the offense. As such, the lack of a *mens rea* requirement in the text of section 1708(1) appears to be a deliberate choice by the Legislature of the Virgin Islands. Moreover, because section 1708(1) includes an element of "force or coercion," it is not necessary to require subjective knowledge of lack of consent on the part of the defendant in order to separate innocent and criminal conduct. *See Carter*, 530 U.S. at 269.

instructions. *Rose v. Clark*, 478 U.S. 570, 581 (1986). Because we have rejected Joyce's argument that the offense with which he was charged includes an element regarding the defendant's subjective intent as to whether the victim consented, the prosecution had no burden to prove such an element, and any error by the Territorial Court in giving the challenged instruction was necessarily harmless. *See Collins v. Francis*, 728 F.2d 1322, 1352 (11th Cir. 1984) (Tjoflat, J., concurring) ("Intent was not an element of the crime of rape in Georgia when Collins was tried . . . The challenged instruction bore only on intent so, in this context, *Sandstrom* was not implicated."); *cf. United States v. Allah*, 130 F.3d 33, 43 (2d Cir. 1997) (*Sandstrom* error harmless where specific intent was an element of the crime, but was not contested); *Hill v. Kemp*, 833 F.2d 927, 929-30 (11th Cir. 1987) (same).

We will therefore affirm the judgment below.