## State of Vermont v. Eric R. Searles

[621 A.2d 1281]

No. 91-038

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed January 15, 1993

*Jeffrey L. Amestoy*, Attorney General, and *David Tartter*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Charles Martin* and *Helene Quinn*, Law Clerk (On the Brief), of *Martin & Paolini* and *Phyllis Boltax*, Barre, for Defendant-Appellant.

**Morse, J.** Defendant Eric Searles, following a jury trial, appeals his conviction under 13 V.S.A. § 3252(a)(3) for sexual assault of a fourteen-year-old female. Defendant contests his conviction on three grounds. He claims the court erred by (1) refusing to instruct the jury that knowledge of the victim's age was an element of the offense, or, if not an element, that a reasonable mistake about the victim's age was a defense to the crime; (2) admitting evidence of the use of force when force was not an element of the crime; and (3) denying a mistrial when media coverage of the trial was read by some jurors. We affirm.

In the evening of August 6, 1989, defendant, accompanied by two male friends, stopped in Barre and met the complainant, a female ten days shy of her fifteenth birthday. Although she knew none of the three, complainant joined them and indicated, when asked, the whereabouts of a party. Beer was purchased, and, unable to find the party, the group drove around making several stops. Eventually, defendant drove to Marshfield Dam with one of his friends and complainant. There, the men forced her to have sexual intercourse with them. She was then driven to the home of her friends in Randolph. During the ride, she wrote the car's license number on her arm with a pen found on the dashboard. The next morning, complainant reported the incident to the police.

## I.

13 V.S.A. § 3252(a)(3) defines sexual assault of a minor as "a sexual act with another person and . . . [t]he other person is

under the age of 16, except where the persons are married to each other and the sexual act is consensual." Defendant argues that knowledge that the "other person is under the age of 16" is an element of the offense.

Although defendant captions his first argument with a heading that states that his "constitutional right to due process" was violated by failure of the jury to consider the reasonableness of his knowledge of the victim's age, he does not brief either federal or state constitutional law. Rather, defendant analogizes the knowledge requirement for this offense to cases where we implied a mental element even though the statute was silent. See *State v. Day*, 150 Vt. 119, 122, 549 A.2d 1061, 1064 (1988) (operating a motor vehicle without owner's consent — knowledge of lack of consent); *State v. Audette*, 149 Vt. 218, 222, 543 A.2d 1315, 1317 (1988) (kidnapping — knowledge of restraint); *State v. Hanson*, 141 Vt. 228, 232, 446 A.2d 372, 374 (1982) (larceny — intent to permanently deprive owner of property); *State v. Graves*, 140 Vt. 202, 205, 436 A.2d 755, 757 (1981) (uttering a false prescription — knowledge of falsity); *State v. Sidway*, 139 Vt. 480, 484, 431 A.2d 1237, 1239 (1981) ("hit and run" — knowledge of the accident).

◼ Statutory rape, the common-law crime of having sexual intercourse with a female under a certain age, has traditionally been considered a strict liability offense, where "mistake as to the age of an underage participant has been accorded no defensive significance." Model Penal Code § 213.6 comment 2 (1980). Vermont has neither statutorily deviated from the traditional rule, nor done so by judicial decision. See *State v. Messier*, 145 Vt. 622, 627–28, 497 A.2d 740, 743 (1985) (defining crimes is generally a task for the legislature).

◼ Silence about a mental element in the statutory definition of a crime requires this Court to determine whether the Legislature nevertheless intended to include one. *State v. Roy*, 151 Vt. 17, 25, 557 A.2d 884, 889 (1989); *Audette*, 149 Vt. at 221, 543 A.2d at 1316–17. This Court will not imply a mental requirement, however, "when the statutory language cuts against such a result and the policy behind the statute would be defeated." *Roy*, 151 Vt. at 25, 557 A.2d at 889. We have previously stated the criteria used to decide whether a statute was intended to impose strict liability. As we stated in *Roy*:

> In addition to the statutory language, the factors we must look to in order to decide whether the Legislature intended to impose liability on a strict liability basis are: The severity of the punishment; the seriousness of the harm to the public; the defendant's opportunity to ascertain the true facts; the difficulty of prosecution if intent is required; and the number of prosecutions expected.

*Id.* at 25, 557 A.2d at 889–90.

While the severity of punishment for sexual assault weighs against strict liability, the other factors predominate in favor of concluding that knowledge of the victim being under age is not a necessary element. Vermont law reflects our enhanced concern for the protection and well-being of minors and the gravity we attach to crimes involving the exploitation of minors. See, e.g., 13 V.S.A. § 1304 (cruelty to children under ten by one over sixteen); 33 V.S.A §§ 4911–4920 (reporting abuse of children); 13 V.S.A. § 2804b (displaying obscene materials to minors); 13 V.S.A. §§ 2821–2826 (sexual exploitation of children). Moreover, review of the legislative history of the statute convinces us that a requirement of knowledge that the victim is under age should not be implied.

Before becoming law, 13 V.S.A. § 3252(a)(3) contained language requiring actual or constructive knowledge of age ("[k]nows or has reason to know that the other person is under the age of 16"). House Journal, 1977, at 545–46. This language was deleted in a committee of conference. The Legislature, on the other hand, retained knowledge as an element when "deadly force" is used in aggravated sexual assault. 13 V.S.A. § 3253(a)(7). "Deadly force" is defined as "physical force which a person uses with the intent of causing, or which the person *knows or should have known* would create a substantial risk of causing, death or serious bodily injury." *Id.* § 3251(7) (emphasis added). The Legislature could have included similar language pertaining to knowledge of the minor's age in § 3252(a)(3), but declined to do so. See *State v. Racine*, 133 Vt. 111, 114, 329 A.2d 651, 653–54 (1974) (presumption that all language is inserted in statute advisedly).

Alternatively, defendant contends that a reasonable mistake about the victim's age should be implied as a defense. In contrast to the legislative scheme for sexual assault, the statutory

framework dealing with sexual exploitation of children explicitly allows an affirmative defense to using a child in a sexual performance that the "defendant, in good faith, had a reasonable and factual basis to conclude that the child had in fact attained the age of 16." 13 V.S.A. § 2822(b). Again, we presume that like language would have been included in § 3252(a)(3) had the Legislature intended the defense to be available.

We decline to imply knowledge of age as an element of, or reasonable mistake of age as a defense to, sexual assault of a minor.

## II.

Because the element of force is absent from sexual assault of a minor and the crime is established even though the minor consents to sexual relations, defendant claims it was error to admit evidence that defendant forced the victim to have sex. Before trial, defendant moved that the evidence of force be excluded as irrelevant under V.R.E. 401 and, if relevant, because "its probative value [was] substantially outweighed by the danger of unfair prejudice." V.R.E. 403.

We cannot conclude that the admission of the evidence of force was error. It was relevant evidence. See *State v. Thompson*, 150 Vt. 640, 646, 556 A.2d 95, 99 (1989) (use of force relevant at trial in prosecution for sexual assault of a minor). Nor did error occur under V.R.E. 403. See *State v. Derouchie*, 153 Vt. 29, 34-35, 568 A.2d 416, 418 (1989) (quoting *State v. Parker*, 149 Vt. 393, 401, 545 A.2d 512, 517 (1988)) (burden to show abuse of discretion under Rule 403 "a heavy one and often difficult to satisfy"). As the trial judge so aptly said:

> [The jury] has got to get a basic picture of what happened if it's going to make a decision as to what happened. The jury confusion has to be avoided. In order to avoid jury confusion, they have to have some idea of the flow of events from A to Z. . . . [Otherwise], the confusion like that can create reasonable doubt without any sound basis.

Absent the evidence, the sexual episodes would have appeared incomplete. The resulting gaps in the narrative would detract from its "ring of truth." Simply put, the way the sexual activity happened was relevant to the credibility of the happening. Ex-

purgating the testimonial story would be like tearing it apart and leaving it "not out of whole cloth." No abuse of discretion was shown.

## III.

During the trial, with the jury unsequestered, the following newspaper account appeared:

> A twenty-eight year old New Hampshire man charged with forcibly raping a fourteen year old girl in August, 1989 is scheduled to go to trial in Vermont District Court in Barre today. Eric Searles is one of the two men arrested by Vermont State Police in connection with the assault.
>
> A co-defendant, Brad Tullgren, pleaded guilty to a sexual assault charge earlier this year, and agreed to act as a witness for the prosecution in Searles' trial. Tullgren was sentenced to one to three years in prison, with all but four months suspended. Searles has been free on his own recognizance since his arraignment in October.
>
> Washington County Deputy State's Attorney A. Phillips Keller said Wednesday that Judge Joseph J. Wolchik indicated at a pretrial conference that Searles may be sentenced to a one to five year prison sentence if he is convicted or pleads guilty to the charge.

Defendant moved for a mistrial arguing that the jury would be unduly influenced by the reference to defendant "forcibly raping a fourteen year old girl" and the "one to five year prison sentence." The jury was questioned, and those jurors who indicated having any knowledge of the article were questioned further out of the presence of other jurors. Although a few jurors had some knowledge of the news account, no juror indicated, when asked, that the knowledge would influence the juror's judgment adversely to defendant. The motion for a mistrial, as well as a later motion for a new trial, was denied.

■■ Exposure of jurors to news accounts, without more, is insufficient reason to cause a new trial. Bias or prejudice must be shown, and the court has discretion in evaluating the impact upon the jury. See *State v. Wheel*, 155 Vt. 587, 599-602, 587 A.2d 933, 940–42 (1990) (defendant must show more than prior knowledge of case; must show jurors had "fixed bias" or "har-

bored prejudicial preconceived notions" about case). Here, absent such showing by defendant, we find no abuse of discretion.

*Affirmed.*