Robinson, J.,
¶21. concurring. Because this case does not fall within any exception to the general rule that ignorance of the law is no excuse, I concur in the majority’s affirmance of defendant’s conviction. I write separately because my path to that conclusion diverges from the majority’s.
¶ 22. The parties to this case, and the majority, focus on a line of cases addressing the question of whether the defendant must have knowledge with respect to every element of a particular charged crime, or whether the crime can be characterized as a “strict liability offense” defined by the defendant’s actions without regard to intent or knowledge as to every element. A separate body of law addresses the question of whether and when igno- *106 ranee of a law is a defense to its enforcement. Defendant’s defense in this case clearly falls within the latter category — relying on ignorance of the law as a defense. For that reason, in this case, we should apply authority relating to ignorance-of-the-law defenses — not the framework applied by the majority in this case.
¶ 23. This Court has developed a multi-part test for determining what intent or knowledge a defendant must have with respect to the elements of a charged crime. See State v. Roy, 151 Vt. 17, 25, 557 A.2d 884, 889 (1989), partially overruled on other grounds by State v. Brillon, 2008 VT 35, 183 Vt. 475, 955 A.2d 1108. In Roy, the defendant was convicted of, among other things, failing to stop his motor vehicle “when signaled to do so by an enforcement officer operating a law enforcement vehicle sounding a siren and displaying a flashing blue lamp.” 151 Vt. at 19 n.1, 557 A.2d at 886 n.1. He argued that an implied element of the crime was that he knew that he was being signaled to stop by a law enforcement officer displaying a flashing light and sounding a siren. Id. at 25, 557 A.2d at 889. In determining whether the applicable statute, 23 V.S.A. § 1133, required that the defendant have knowledge that he was being signaled to stop by a law enforcement officer, this Court considered first and foremost the text of the statute itself, as well as the severity of the potential punishment, the seriousness of the harm to the public, the defendant’s opportunity to ascertain the true facts — in that case the fact that the officer’s blue lights were flashing — the difficulty of prosecution if intent is required, and the number of prosecutions expected. Roy, 151 Vt. at 25, 557 A.2d at 889-90. Applying these factors, this Court concluded that the Legislature intended the statute to penalize a failure to stop when signaled by an officer operating blue lights without the need for the State to prove that the individual knew the blue lights were flashing. Id. at 26-27, 557 A.2d at 890-91.
¶ 24. The line of cases cited in Roy all considered whether the State had to prove that the defendant had intent or knowledge with respect to a particular fact that constituted an element of a charged crime. See, e.g., State v. Peters, 141 Vt. 341, 347, 450 A.2d 332, 335 (1982) (concluding that enhanced penalties for assaulting officer in performance of official duty applies when defendant knows or has good reason to believe that person is in fact officer); State v. Kerr, 143 Vt. 597, 604-05, 470 A.2d 670, 673-74 (1983) (concluding that statute prohibiting carrying dangerous or deadly *107 weapon while committing felony does not require proof that defendant has knowingly carried deadly weapon).
¶ 25. Likewise, our subsequent cases considering or applying the Roy framework all involve the question of whether the defendant was required to have knowledge of each factual element of a particular crime. See, e.g., State v. Richland, 2015 VT 126, ¶ 19, 200 Vt. 401, 132 A.3d 702 (declining to consider factors because language of statute clearly required that defendant know that person he was enabling to access alcohol was underage); In re Tinker, 165 Vt. 621, 622, 686 A.2d 946, 947-48 (1996) (mem.) (applying factors in considering whether elements of abuse of elderly or disabled adult include knowledge of victim’s status as elderly or disabled adult); State v. Searles, 159 Vt. 525, 526-29, 621 A.2d 1281, 1282-83 (1993) (applying Roy factors in considering whether statutory rape is “strict liability” crime or whether, instead, State must prove that defendant knew person with whom he engaged in sexual act was under age of sixteen).
¶ 26. None of the cases in this line of authority involve an asserted defense that the defendant did not know the requirements of the law. They all involve the question of knowledge as to one or more factual elements of a particular crime, and the analytical framework this Court developed in Roy and its progeny is tailored to that context.
¶ 27. A related but separate body of law addresses the question of whether and when a defendant’s ignorance as to the requirements of the law may constitute a defense. This Court has repeatedly affirmed that ignorance of the law is generally no excuse to its enforcement. See, e.g., State v. Woods, 107 Vt. 354, 356-57, 179 A. 1, 2 (1935) (holding that where defense is based upon mistake of law rather than of fact, presumption “that everyone is conclusively presumed to know the law [is] of unquestioned application in Vermont as elsewhere, both in civil and in criminal cases”).
¶ 28. Modern courts and commentators have brought more nuances to the broader claim that ignorance of the law provides no excuse, recognizing a number of circumstances in which a defendant’s knowledge of the law, or lack thereof, may be relevant to a criminal defendant’s liability. As commentator Wayne LaFave has explained, the broad proposition that ignorance of the law is no excuse is not precisely correct, and is subject to “numerous *108 exceptions and qualifications.” 1 W. LaFave, Substantive Criminal Law § 5.6(a), at 394 (2d ed. 2003).
¶ 29. Of most significance to this case, ignorance that the law proscribes particular conduct may be a defense if knowledge of the law is an element of the offense in question. Id. § 5.6(a), at 395 (“[IJgnorance or mistake of fact or law is a defense when it negatives the existence of a mental state essential to the crime charged.”); see also Model Penal Code § 2.04(1) (2015) (“Ignorance or mistake as to a matter of fact or law is a defense if: (a) the ignorance or mistake negatives the purpose, knowledge, belief, recklessness or negligence required to establish a material element of the offense; or (b) the law provides that the state of mind established by such ignorance or mistake constitutes a defense”).
¶ 30. In Bryan v. United States, 524 U.S. 184 (1998), the U.S. Supreme Court considered the question of when knowledge that conduct is illegal is itself an element of the crime to be proven by the State. The defendant in that case was convicted of “willfully” dealing in firearms without a federal license. He knew that his conduct was unlawful, but the district court considered whether the term “willfully” in the operative statute required proof that the defendant knew of the particular federal licensing requirement at issue. Id. at 186. The Court explained that as a general matter, when used in the criminal context, a “willful” act is one taken “with knowledge that [the] conduct [is] unlawful.” Id. at 192 (quotation omitted). The Court explained that the defendant’s general knowledge that his conduct was unlawful satisfied the “willfulness” requirement, and the State did not need to prove that the defendant was specifically aware of the federal licensing requirement. Id. at 191-96.
¶ 31. The Court contrasted a “willfulness” requirement with a requirement in related statutes that acts be committed “knowingly,” explaining that “the term ‘knowingly’ does not necessarily have any reference to a culpable state of mind or to knowledge of the law” and that “the knowledge requisite to knowing violation of a statute is factual knowledge as distinguished from knowledge of the law.” Id. at 192 (quotation omitted). The Court concluded:
[U]nless the text of the statute dictates a different result, the term “knowingly” merely requires proof of knowledge of the facts that constitute the offense.
With respect to the three categories of conduct that are made punishable by [the federal statute] if performed *109 “knowingly" the background presumption that every citizen knows the law makes it unnecessary to adduce specific evidence to prove that “an evil-meaning mind" directed, the “evil-doing hand.” More is required, however, with respect to the conduct in the fourth category that is only criminal when done “willfully.” The jury must find that the defendant acted with an evil-meaning mind, that is to say, that he acted with knowledge that his conduct was unlawful.
Id. at 193 (footnotes omitted) (emphasis added).
¶ 32. The U.S. Supreme Court distinguished two cases in which it held that “willful” violation of particular statutes in the tax code required knowledge of the specific provisions of the tax code at issue. Id. at 193-96. The Court explained that those cases “ ‘carv[e] out an exception to the traditional rule’ that ignorance of the law is no excuse” because they involved highly technical statutes that presented the danger of ensnaring individuals engaged in apparently innocent conduct. Id. at 194-95 (quotation omitted).
¶ 33. The Court’s analysis in Bryan reinforces that (1) the general rule is that “the background presumption that every citizen knows the law makes it unnecessary to adduce specific evidence” that a defendant knows that his or her conduct is unlawful; (2) the bar for excepting a statute from this general requirement is high, apparently limited to statutes proscribing “willful” violations of the law; and (3) even when the State does have to prove defendant’s knowledge that the conduct in question was unlawful, it usually does not have to prove that defendant knew the specific provision in the law at issue.[2] See also McFadden v. United States, _ U.S. _, _, 135 S. Ct. 2298, *110 2304 (2015) (holding that defendant who knowingly distributes heroin but does not know that heroin is listed on schedules would be guilty of knowingly distributing controlled substance because ignorance of law is typically no defense to criminal prosecution).
¶ 34. In this case, defendant’s defense is that he did not know that his conduct violated his legal obligations; he does not plead ignorance as to any factual element of the charge against him. For that reason, the body of law dealing with mistakes or ignorance of the law is squarely on point.
¶ 35. In light of the above discussion, this is not a close case. The statute at issue requires a person who is convicted of home improvement fraud to notify the Attorney General of the conviction. 13 V.S.A. § 2029(d)(1).[3] It allows the person to engage in home improvement activities for compensation only upon notice to the employer and the Attorney General if the work is for a company engaged in home improvement activities, or, otherwise, only upon filing a surety bond or irrevocable letter of credit with the Attorney General. Id. § 2029(f). And it provides that a person who violates either of these requirements “shall be imprisoned for not more than two years or fined not more than $1,000.00, or both.” Id. § 2029(e)(5). It contains no “willfulness” requirement or other language that would remove the general presumption that a defendant’s ignorance that conduct is proscribed by the law is not a defense to a violation of that law.
¶ 36. Although I concur fully in the result of the majority’s analysis, I write separately because I believe that the Roy framework applied by the majority is ill-suited to this genre of cases, and that the majority’s implicit holding that ignorance-of-the-law defenses are subject to the multi-factorial analysis in Roy could open the door to unwarranted claims and unnecessary litigation. I realize that the majority responded to the issues on appeal using the framework presented by both parties. But in embracing that framework without considering whether it is most appropriate to this case, the majority may inadvertently push the evolving law in directions that don’t make sense.
¶ 37. I am authorized to state that Justice Dooley joins this concurrence.

 Modern courts and commentators have recognized several other exceptions to the general rule that “ignorance of the law is no excuse,” none of which appear to apply here. For example, where a defendant has a mistaken impression concerning the legal effect of some collateral matter that results in misunderstanding the legal significance of defendant’s conduct, this claim may be subject to a very different analysis from the claim that the defendant did not know the conduct in question was proscribed. See 1 W. LaFave, supra, § 5.6(a), (d), at 394, 405. A defendant’s ignorance of the law may also constitute a valid defense where a defendant believes the conduct is not proscribed because the enactment in question has not been made reasonably available to the public or defendant has reasonably relied upon a statute, judicial decision, or administrative order. Id. § 5.6(e); see also *110 Model Penal Code § 2.04(3) (identifying essentially same exceptions to general rule that ignorance of law is no excuse).

 Consistent with the majority, I reference the pre-2015 amendment citations to these statutes.