STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 75-7-18 Vtec

| | |
|---|---|
| Burns 12 Weston Street NOV | DECISION ON MOTIONS |

Charles and Cynthia Burns ("Appellants") appeal a decision of the City of Burlington Development Review Board ("DRB") upholding a Notice of Violation ("NOV") issued by the City of Burlington Zoning Administrative Officer on March 1, 2018.  The NOV alleges an unpermitted duplex use at property owned by Appellants at 12 Weston Street in Burlington, Vermont ("the Property").  On September 28, 2018, a group of neighbors ("Neighbors") filed a notice of appearance in this matter, expressing support for the NOV.  Neighbors also submitted a Statement of Questions, though they did not cross-appeal.  Presently before the Court is Appellants' motion to dismiss Neighbors for lack of standing and Neighbors' Statement of Questions as procedurally improper.  Appellants also move to amend the Scheduling Order for this matter, dated October 15, 2018.

### Procedural History

This matter has a long history which we summarize for context.

In 2014, the Burnses sought a decision from the DRB stating that a permit was not required for certain interior renovations of the building on the Property.  The question depended, in part, on whether the Burnses legally used the Property as a duplex.  The DRB determined that a permit was not required.

On appeal, this Court granted the Burnses' motion for summary judgment against appellants, a group of neighbors, concluding that a City of Burlington zoning official's determination that the duplex use was a legal preexisting nonconformity was final and binding and that the renovations did not require a permit.  In re Burns Two-Unit Residential Bldg., No. 120-8-14 Vtec, slip op. at 4-7 (Vt. Super. Ct. Envtl. Div. June 23, 2015) (Walsh, J.).

Upon further appeal, the Vermont Supreme Court reversed this Court's decision, concluding that the zoning official's decision on the lawful nonconformity of the duplex use was not final and binding.  In re Burns Two-Unit Residential Bldg., 2016 VT 63, ¶¶ 9-16, 202 Vt. 234.  The Supreme Court remanded the matter to this Court to assess the merits of Neighbors' claim that the renovations required a permit.  Id., ¶ 17.

On remand, this Court denied Neighbors' motion for summary judgment because there was a dispute of material of fact regarding whether the Property could be used to legally support a duplex. In re Burns Two-Unit Residential Bldg., No. 120-8-14 Vtec, slip op. at 2-3 (Nov. 18, 2016) (Walsh, J.). At the outset of trial before this Court, the Burnses verbally moved to withdraw their application. See In re Burns Two-Unit Residential Bldg., No. 120-8-14 Vtec, slip op. at 2 (May 11, 2017) (Walsh, J.). This Court granted the motion and voided the DRB's underlying decision that the renovations did not require a permit. Id.

Subsequently, this Court granted Neighbors' motion to dismiss the matter with prejudice. In re Burns Two-Unit Residential Bldg., No. 120-8-14 Vtec, slip op. at 1-2 (June 8, 2017) (Walsh, J.).

The NOV underlying the present appeal issued on March 1, 2018. Appellants timely appealed to the DRB on March 5, 2018. Appellants then appealed the DRB's decision to uphold the NOV, and filed the present motion to dismiss, on November 20, 2018. They moved to amend the Scheduling Order on February 5, 2019.

## Legal Standard

Appellants' motion first challenges Neighbors' standing as interested persons. The standing requirements for participation in a municipal appeal before this Court are established by statute. See 24 V.S.A. § 4465(b); 10 V.S.A. § 8504(b). We must ensure that each requirement is met to avoid "judicially expand[ing] the class of persons entitled to such review." In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 7, 188 Vt. 262 (quoting Garzo v. Stowe Bd. of Adjustment, 144 Vt. 298, 302 (1984)). Further, standing is a "necessary component of the court's subject-matter jurisdiction . . . ." Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235. As such, we evaluate a motion to dismiss challenging standing as a motion to dismiss for lack of subject matter jurisdiction under V.R.C.P. 12(b)(1). See, e.g., In re Farmer Mold & Mach. Works, Inc., No. 15-2-14 Vtec, slip op. at 2-4 (Vt. Super. Ct. Envtl. Div. Jan. 7, 2015) (Walsh, J.).

Appellants' motion to dismiss Neighbors' Statement of Questions poses a standing question of a different form. This Court's jurisdiction only extends to issues presented in a properly filed Statement of Questions. See V.R.E.C.P. 5(f); In re Garen, 174 Vt. 151, 156 (2002). Thus, the question of whether a party has standing to submit a Statement of Questions is properly considered under the V.R.C.P. 12(b)(1) standard as a jurisdictional challenge.

When reviewing a V.R.C.P. 12(b)(1) motion to dismiss, we accept all uncontroverted factual allegations of the nonmovant as true and construe them in the light most favorable to the nonmovant. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245 (citation omitted).

**Discussion**

I.      **Whether Neighbors qualify as interested persons.**

Appellants first argue for dismissal of Neighbors for lack of standing, alleging that Neighbors do not meet the requirements for interested person status as defined by 24 V.S.A. § 4465(b). Section 4465(b) sets out a number of categories under which parties may qualify as interested persons with standing to participate in an appeal before this Court. Relevant here, under § 4465(b)(4), a group of ten or more persons can collectively qualify as an interested person. The group must be comprised of "any combination of voters or real property owners within a municipality listed in subdivision (2) of this subsection . . . ."[1] Id. This group must submit a signed petition to the appropriate municipal panel alleging that "any relief requested by a person under this title, if granted, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality." Id.

Section 4465(b)(4) also requires that the petition designate one person to represent the group of petitioners. This Court, however, has concluded that failure to designate a specific representative is not fatal to standing under § 4465(b)(4) when an attorney represents the group, the parties treat the attorney as the de facto representative, and the municipal panel did not require designation of a representative. See In re Brandon Plaza Conditional Use Application, No. 128-8-10 Vtec, slip op. at 6-7 (Vt. Super. Ct. Envtl. Div. Aug. 5, 2011) (Wright, J.).

In defense of their interested person status, Neighbors assert that they are a group of petitioners who meet the requirements of § 4465(b)(4). They have provided the petition they submitted to the DRB encouraging it to uphold the NOV as an exhibit to their memorandum in opposition to Appellants' motion to dismiss. While the petition does not designate a representative, this alone is not fatal to their status under § 4465(b)(4). Neighbors are represented by an attorney and no party has alleged that their representation is unclear or divided; nor did the DRB. Therefore, the petition satisfies the requirements of § 4465(b)(4).

It appears, however, that not all of Neighbors actually signed the petition. Of the nineteen persons that make up the group of Neighbors, this Court's review revealed that sixteen signed the petition.[2] These sixteen signatories meet the requirements of § 4465(b)(4) and have interested person

---

[1] Municipalities included in subdivision (2) of 24 V.S.A. § 4465(b) are those that have "a plan or bylaw at issue in an appeal brought under this chapter or any municipality that adjoins that municipality."

[2] The signatories are Michael Long, Caryn Long, Hamilton Davis, Kathleen Donahue, Alexander Friend, Greg Hancock, Kari Hancock, Susan Moakley, Matt Moore, Mary Moynihan, and Scott Richards. Paul Bierman, Candace Page, Peg Boyle Single, Richard Single, and Sandra Wynn submitted electronic signatures that attached to the petition and meet the requirements of § 4465(b)(4).

status as a group of more than ten petitioners. Appellants do not contest this. While the remaining three Neighbors—Bret Findley, Alexander Johnston, and Jesse Robbins—may be aligned with those who signed the petition, they themselves failed to sign. It is plain from the ordinary meaning of the statutory language that they cannot claim interested person status under § 4465(b)(4) without being signatories to the petition. See State v. Richland, 2015 VT 126, ¶ 6, 200 Vt. 401 ("We start with the plain language of the statute, and if the meaning is clear, we will enforce it according to its terms.") (citation omitted).

While Neighbors primarily rely on § 4465(b)(4) to support their standing claims, they also respond to the motion by asserting interested party status as individuals through § 4465(b)(3). Pursuant to this subsection, individuals are also interested persons if they own or occupy property "in the immediate neighborhood" of the subject property, can demonstrate "a physical or environmental impact on [their] interest under the criteria reviewed," and allege "that the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality." 24 V.S.A. § 4465(b)(3).

Neighbors' motion apparently attempts to claim § 4465(b)(3) interested person status for all of the individuals who have noticed appearance in this matter through isolated examples of alleged impacts from the duplex on property owned by Michael and Caryn Long.[3] The non-signatories cannot rely on the Longs' potential standing as individuals under § 4465(b)(3) to establish themselves, by extension, as interested persons under § 4465(b)(3). There is no transferability of standing in this context. See, e.g., In re Mad River Valley Ambulance Serv., No. 137-7-05, slip op. at 2-3 (Vt. Envtl. Ct. Dec. 1, 2005) (Wright, J.) (concluding that one spouse did not have appellant standing even though his partner did).

Accordingly, we **GRANT** Appellants' motion with respect to those of Neighbors who did not sign the petition and they are **DISMISSED**, but Appellants' motion is **DENIED** with respect to the sixteen Neighbors who signed the petition.

II.    **Whether Neighbors' Statement of Questions is properly before the Court.**

We next turn to Appellants' argument that Neighbors' Statement of Questions should be dismissed because it is not procedurally valid. Appellants assert that only appellants and cross-appellants can submit a Statement of Questions and, as Neighbors fall into neither category, they may not do so here.

---

[3] As discussed above, the Longs signed the petition and are eligible to participate in this matter through § 4465(b)(4). Therefore, we do not conclusively decide whether they could individually qualify as interested persons under § 4465(b)(3).

Under V.R.E.C.P. 5(f), "after the filing of the notice of appeal, the appellant shall file with the clerk of the Environmental Court a statement of the questions that the appellant desires to have determined." See also In re LaBerge NOV, 2016 VT 99, ¶ 15, 203 Vt. 98 (reiterating that the Statement of Questions defines the issues on appeal before the Environmental Division). Cross-appellants are similarly directed to V.R.E.C.P. 5(f) for the rules surrounding Statements of Questions. See V.R.E.C.P. 5(b)(2). V.R.E.C.P. 5(c), on the other hand, defines the procedural road to party status for parties who enter an appearance only. The Rule includes no reference to appellate powers, V.R.E.C.P. 5(f), or the ability to file a Statement of Questions for non-appellants.

V.R.E.C.P. 5(f) further provides that "[n]o response to the statement of questions shall be filed." Instead, an appellant's Statement of Questions is only subject to a motion to clarify or dismiss some or all of the questions. Id.

Neighbors premise the validity of their Statement of Questions on pleading principles that apply in the Civil Division while disregarding the specific rules that govern this Court.[4] They acknowledge that they are not appellants and only filed a notice of appearance. The V.R.E.C.P. clearly limit Statements of Questions to appellants (and cross-appellants) who file notices of appeal, and restrict the response of other parties to motions to clarify or dismiss. See V.R.E.C.P. 5; see also In re Jolley Assocs., 2006 VT 132, ¶ 9, 181 Vt. 190 ("[B]ecause Vermont Rule of Civil Procedure 76(e)(4)(B expressly limited the filing of the statement of questions to the appellant, intervenors are permitted only to argue issues raised by a principal party." (citing Garen, 174 Vt. at 156)).[5]

This principle is integral to the distinctions in party status drawn in the V.R.E.C.P. and relevant statutes. Further, Neighbors' interpretation reads out the V.R.E.C.P. 5(f) provision barring responses to a Statement of Questions. See State v. Fisher, 167 Vt. 36, 44 (1997) (citations omitted) (adopting the

---

[4] Neighbors assert that their Statement of Questions is necessary because it functions to preserve affirmative defenses, operating like an answer under V.R.C.P. 8(c). The Statement of Questions, however, defines the issues before the Court, not the parties' respective arguments on either side of those issues. See LaBerge, 2016 VT 99, ¶ 15 (clarifying that "the Environmental Division may consider matters that are intrinsic to the statement of questions, even if they are not literally stated in the statement of questions." (citing Jolley Assocs., 2006 VT 132, ¶ 9)). Non-appellant interested persons can offer arguments within the limits of the Statement of Questions without previously filing a responsive pleading pursuant to V.R.C.P. 8(c). See, e.g., LaBerge, 2016 VT 99, ¶¶ 13-16 (concluding that a non-appellant's challenges to the constitutionality of a zoning ordinance asserted in a motion for summary judgment were preserved even though there was no cross-appeal).

We do not here determine whether Neighbors' arguments of res judicata and collateral estoppel are intrinsic to the issues raised in Appellants' Statement of Questions. To the extent Neighbors seek to raise issues outside of the Statement of Questions, their non-appellant status precludes them from so doing.

[5] V.R.C.P. 76(e)(4)(B), now repealed, "has been carried forward in substantial part in the 2005 adoption of the [V.R.E.C.P.]." Jolley Assocs., 2006 VT 132, ¶ 9 n. 3 (citing V.R.E.C.P. 5(f)).

construction of a procedural rule that gave "meaning to each and every part of the rule while interpreting it as a coherent whole.").

Based on the foregoing, we conclude that Neighbors' Statement of Questions must be **DISMISSED**.

**III.        Whether amendment of the October 15, 2018 Scheduling Order is warranted.**

We now consider Appellants' motion to amend the Scheduling Order that controls the deadlines in this matter.  The current Scheduling Order required the parties to complete discovery by January 30, 2019, and to submit any motions for summary judgment by March 1, 2019.  These deadlines passed while the present motion was pending.

We conclude that extension of the deadlines set forth in the October 15, 2018 Scheduling Order is appropriate.  First, the law favors decisions rendered on the merits.  Ying Ji v. Heide, 2013 VT 81, ¶ 6, 194 Vt. 546 (citations omitted).  Discovery can be an important step on the way to the full and fair resolution of a case, but might be better delayed pending the resolution of a dispositive motion.  See, e.g., Chase v. State, No. 211-4-06 Wncv, slip op. at 5-6 (Vt. Super. Ct. July 18, 2006) (Toor, J.) (quoting Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Auth., 201 F.R.D. 1, 2 (D.D.C. 2001)) (discussing stays of discovery during early motion practice); see also Wesco, Inc. v. Sorrell, 2004 VT 102, ¶ 18, 177 Vt. 287 ("[D]iscovery rulings are inherently fluid because they fall within the trial court's discretion to revisit and alter as the litigation unfolds.").

Next, Appellants seek to adjust the present Scheduling Order only because this Court had not yet decided the motion to dismiss, which has substantive implications for the extent and scope of any discovery or summary judgment motion.  Appellants themselves did not cause this delay.

Finally, while summary judgment motions may delay the final outcome of a matter, it is also possible that decisions on such motions will resolve some or all of the relevant legal issues before this Court in furtherance of a speedier resolution.  See, e.g., In re Irish Constr. Application, No. 44-3-08 Vtec, slip op. at 14-15 (Vt. Envtl. Ct. Apr. 6, 2009) (Durkin, J.) (granting a motion to amend the scheduling order because of the potential value of summary judgment to an expedited outcome); see also V.R.E.C.P. 1 (setting forth this Court's responsibility to advance the full, fair, and expedited resolution of proceedings).  This is especially so given the legal nature of the questions and arguments the parties have previewed.

For the foregoing reasons, we conclude that amendment of the Scheduling Order is appropriate.  Thus, Appellants' motion to amend is **GRANTED IN PART**.  Given the timing of the present decision, we decline to adopt the dates suggested by Appellants and accordingly we **DENY** the specific 60-day extension they request.  Instead, we hereby order that the amended discovery deadline will lapse on **Monday, May 6, 2019**, with the deadline for filing motions for summary judgment expiring on **Monday, July 1, 2019**.

## Conclusion

Because sixteen of the nineteen Neighbors meet the requirements of 24 V.S.A. § 4465(b)(4) as petitioners before the DRB, Appellants' motion to dismiss them for lack of standing is **DENIED**. The remaining three Neighbors who did not sign the petition submitted to the DRB cannot claim membership in this group as petitioners. Nor did they demonstrate interested persons status under any other provision, including § 4465(b)(3). Accordingly, Bret Findley, Alexander Johnston, and Jesse Robbins are **DISMISSED** from this appeal.

Additionally, Neighbors' Statement of Questions is procedurally improper and not in keeping with the Rules of this Court. Neighbors' Statement of Questions is therefore **DISMISSED**.

Lastly, given the timing of this Court's Decision on the currently pending motion to dismiss and the importance of discovery and motion practice to the full, fair, and expedient resolution of matters before this Court, Appellants' motion to amend the October 15, 2018 Scheduling Order is **GRANTED IN PART**. We depart from the deadlines requested in the motion and extend the discovery deadline to **May 6, 2019**, and the summary judgment deadline to **July 1, 2019**.

Electronically signed on April 5, 2019 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

7